### EMMERICH et al. v. CHEGNAY.

(Supreme Court, Appellate Term. February 23, 1905.)

BREACH OF CONTRACT—DAMAGES.

    Where plaintiff employed defendant to dye ribbons, the work being so improperly done that the ribbons were of no use to him, and he sued for breach of contract instead of for conversion, he cannot recover the full value of the ribbons, there being no evidence that they were absolutely valueless.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Walter Emmerich and another against Henri Chegnay. From a judgment for plaintiffs after a trial before the court without a jury, defendant appeals. Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

John Callahan, for appellant.
E. Louis Jacobs, for respondents.

GIEGERICH, J. There is no serious dispute in this case, except as to the correct measure of damages. The plaintiffs intrusted to the defendant, to be dyed, certain ribbons, which were so improperly done as to be of no value to the former. The trial justice gave judgment for the value of the goods, with a condition and direction that they be delivered to the defendant, which has been done. On behalf of the latter it is argued that it was the duty of the plaintiffs to reduce their damages as much as possible (Parsons v. Sutton, 66 N. Y. 92; Wright v. Bank of Metropolis, 110 N. Y. 245, 18 N. E. 79, 1 L. R. A. 289, 6 Am. St. Rep. 356; Dillon v. Anderson, 43 N. Y. 237; Roberts v. White, 73 N. Y. 380; Sedgwick on Damages [8th Ed.] vol. 1, §§ 201, 202) by procuring the goods to be redyed, and that the measure of damages is limited to the cost of such redying. On the other hand, it is sought to support the judgment on the ground that, as the goods were rendered worthless

to the plaintiffs, they might abandon them to the use of the defendant, and recover the full value in an action in trover for conversion. May v. Georger, 21 Misc. Rep. 622, 47 N. Y. Supp. 1057; Barrett Dyeing Establishment v. Wharton, 16 N. Y. Wkly. Dig. 500. The complaint in this case, however, does not show an action brought on the theory of conversion, but for damages for breach of contract. As there was no evidence that the goods were absolutely valueless, but only valueless to the plaintiffs, the damages awarded for the full amount of the original value were excessive. The judgment therefore must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.