CHAITYN et al. v. STOCK et al.

(Supreme Court, Appellate Term.　December 22, 1909.)

DAMAGES (§ 120*)—MEASURE OF DAMAGES—BREACH OF CONTRACT.

In an action for breach of contract in failing to dye skins according to sample, the measure of damages was the difference between the market value of the skins as dyed and their market value if dyed skillfully according to the contract.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 291, 292; Dec. Dig. § 120.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by David Chaityn and others against Annie Stock and another. Judgment for plaintiffs, and defendants appeal. Reversed, and new trial ordered.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Louis J. Frey, for appellants.
Max Silverstein, for respondents.

LEHMAN, J.　The plaintiffs have brought an action for breach of contract by the defendants in failing to dye skins according to sample. The trial justice has rendered judgment for the full value of the skins, although it appears that the skins were not rendered valueless by the alleged unskillful dyeing, probably because the plaintiffs testified that the skins were of no use to them.　The measure of damages was improper.　Emmerich v. Chegnay, 46 Misc. Rep. 456, 92 N. Y. Supp. 336.　The plaintiffs have neither alleged nor proven any special damage, and the correct measure of damages is the difference between the market value of the skins in their present state and the market value of the same goods dyed skillfully in accordance with the contract.

The judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event.　All concur.