### COHN v. RELIABLE FUR DRESSING & DYEING CO.

#### (Supreme Court, Appellate Term. February 8, 1912.)

BAILMENT (§ 32*)—INJURY TO GOODS—EXCESSIVE DAMAGES.

Where, in an action for a failure to skillfully dye skins, the original value of the skins was shown to have been but $9 or $10 each, and their admitted value in their damaged condition was $2 or $3 each, a verdict of $10 for each skin is excessive, as the defendant was liable only for the loss resulting from its negligence.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. § 133; Dec. Dig. § 32.*]

Appeal from City Court of New York, Trial Term.

Action by Barnet Cohn against the Reliable Fur Dressing & Dyeing Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed conditionally.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

Arthur Hutter, for appellant.

Henry Kuntz (Abraham P. Wilkes, of counsel), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

HOTCHKISS, J. Action for damages for failure to skillfully dye skins. The evidence was sufficient to go to the jury. Most of the questions argued by appellant were not saved by exception. The charge was not excepted to, nor was there exception to the refusal to charge as requested, if in fact there was any such refusal, which is not clear.

I think, however, the verdict was excessive and should be reduced. Plaintiff sued for damages to 40 skins. He testified that their sound value, when he delivered them to defendant, was $9 or $10 each. One Briosnick, a dealer in skins, called by plaintiff, testified that the skins in their damaged state were worth from $2 to $2.50 each. That such was their value was apparently conceded by plaintiff in his own testimony. The record shows that the verdict was as follows:

"Verdict for the plaintiff for $10 each for 30 skins, $300."

The action is on defendant's contract to dye skillfully, and not for conversion. Defendant was liable only for the loss resulting from its negligence, and the jury should have allowed for the value of the skins in their damaged state. See Emmerich v. Chegnay, 46 Misc. Rep. 456, 92 N. Y. Supp. 336.

The judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event, unless plaintiff stipulates to reduce the judgment by deducting therefrom $75, with interest from the day of entry of judgment, in which case the judgment, as so reduced, and the order, should be affirmed, without costs. All concur.