(21 Misc. Rep. 622.)

### MAY v. GEORGER et al.

(Supreme Court, Appellate Term.   November 24, 1897.)

1. BREACH OF CONTRACT—DAMAGES.

Plaintiff bought from defendants a seal-skin cloak, which they agreed to alter free of charge. Subsequently she requested alterations, and also new binding, for which she agreed to pay them $185. They made two unsuccessful attempts, and they refused to make further alterations, and retained the cloak. She then brought this action on the contract for damages, and recovered $500. *Held*, that the true measure of damages in such an action was not the whole value of the cloak, but the cost of making it fit and suitable for the plaintiff to wear, or the difference in value in its present condition and what it would have been. if defendants had made the proper alterations.

2. SAME.

In an action on contract for damages in respect to a cloak delivered to defendants for alteration and repair, the judge charged that if, by reason of defendants' unskillful labor, the garment was rendered valueless to the plaintiff for the purpose intended, she was entitled to recover its entire value at the time of its delivery to defendants. *Held* error.

3. ACTION—TORT OR CONTRACT.

> If there is any doubt as to whether an action is in contract or tort, it must be resolved against the pleader, and the complaint held to be one in contract, as the liability is less extensive.

Appeal from city court of New York, general term.

Action by Adelaide May against Louis F. Georger and others. From an affirmance by the general term of a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Perkins & Jackson (E. C. Perkins and J. B. Nash, of counsel), for appellants.

Atchinson & Bowen (T. A. Atchinson, of counsel), for respondents.

McADAM, J. The plaintiff bought a seal-skin cloak from the defendants for $500 in November, 1892. As it was too large for her, they offered to alter it at any time free of charge. In July following the plaintiff placed the garment on storage with the defendants, and later on went to have the alterations made. She requested the defendants to take it in at the waist, and also bind it with sable around the bottom, and agreed to pay them $185, the price they asked for the work. They altered it, and sent for her to try it on, and it was found to be too tight across the shoulders and back. The defendants promised to remedy the defect, and again sent for the plaintiff to try on the cloak, but the same fault was found. They then promised that she would find no fault with it when it was finished, but when it was finished she could not get it on at all. The gentleman in charge at defendants' then remarked that the plaintiff must have grown stout, and told her that they must put more seal skin in the coat, and charge her therefor. She replied that she did not think she would pay the extra expense, and he said, "Then go ahead to the courts;" and the plaintiff left, and the coat was retained by the defendants. Upon these facts the plaintiff has recovered a verdict against defendants for $500, and they appeal.

The recovery represents the value of the cloak, and would only be proper on the theory that the defendants in some manner made themselves liable in trover for conversion. But the action is not in that form. The plaintiff elected to sue on the contract, and, in affirmance of it, to recover damages for the defendants' negligence and breach of duty; and the true measure of her damages in such action would be, not the whole value of the coat, but the cost of making it fit and suitable for the plaintiff to wear (see Milk-Pan Co. v. Remington, 109 N. Y. 143, 16 N. E. 48), or the difference in value in its present condition and what it would have been if defendants had made the proper alterations; which would be represented by such cost (see Hadley v. Baxendale, 9 Exch. 341, 354, 356; Howard v. Manufacturing Co., 139 U. S., at page 207, 11 Sup. Ct. 500; Rochester Lantern Co. v. Stiles & Parker Press Co., 135 N. Y., at page 217, 31 N. E. 1018; Allen v. McConihe, 124 N. Y., at page 347, 26 N. E. 812; 2 Wait, Law & Prac. [3d Ed.] 649; 2 Wait, Act. & Def. 431; Murray v. Stanton, 99 Mass. 345, approved in Todd v. Gamble, 148 N. Y., at page 385, 42 N. E. 982). The rule with regard to this

class of bailments is that if the workman, by deviation from his instructions, makes his work of no use, he can claim no compensation. And if the deviation be important, and the materials have been so used as to have lost their value as such, the employer may abandon them to the workman, and recover of him their value. 2 Pars. Cont. (6th Ed.) marg. p. 137; Field, Dam. § 336. On the breach of such agreement the employer may sue for damages, or, if the property be rendered entirely worthless to him, he may abandon it and sue in trover; having, in this respect, an election of remedies. Dyeing Establishment v. Wharton, 16 Wkly. Dig. 500. In the case last cited the court of appeals reversed the judgment, but on grounds which do not affect the rule stated; and they held that the measure of damages applicable was for the breach of duty, and consisted of the difference between the market value of the goods as unskillfully treated and the market value of the same goods if the work had been skillfully and properly performed, this being the actual loss. 101 N. Y. 631, 4 N. E. 344. The rule applied is substantially that laid down by Sutherland, who says that the measure of damages for the breach of a contract by doing work unskillfully is the difference between its value in its defective condition and what its value would have been if completed in compliance with the contract. 2 Suth. Dam. 482. And see Mack v. Snell, 140 N. Y. 193, 35 N. E. 493; Sunman v. Clark (Ind. Sup.) 22 N. E. 113; Fagan v. Whitcomb (Tex. App.) 14 S. W. 1018. If the plaintiff had elected to sue in trover for conversion, in disaffirmance of the contract, on the ground of the wrong, and had proved that the defendants' deviation from the contract was so substantial that the materials had lost their value as such, and had in consequence been abandoned to the defendants, or proven any act amounting to a conversion, a recovery to the extent allowed might be sustained. Such was not the action, and, if there was any doubt as to its form, it would have to be resolved against the pleader, and the complaint held to be one on contract. Ridder v. Whitlock, 12 How. Prac. 208; Austin v. Rawdon, 44 N. Y. 63; Goodwin v. Griffis, 88 N. Y., at pages 638, 639.

At the trial the defendants' counsel insisted that the difference in value was the true measure of damages, but the trial judge, on the contrary, instructed the jury, in substance, that if, by reason of defendants' unskillful labor, the garment was rendered valueless to the plaintiff for the purpose intended, she was entitled to recover its entire value at the time it was delivered to the defendants under the agreement. This was error, and the exception is fatal to the recovery. The plaintiff's counsel urges that as the cloak was for the plaintiff's personal use, and did not fit her, it was on that account worthless to her for the purpose for which it was intended; hence the rule applied by the trial court was correct. The answer is that a seal-skin cloak worth $500 to a person it fits has a marketable value, and is in no legal sense valueless. Even the material of which it is composed has a value, and is salable. This is common knowledge, and there was no attempt to prove the contrary. "Every workman or artificer to whom chattels have been bailed or delivered to be worked upon is responsible for

all injuries that may result to the chattel from the negligent or un-skillful execution of the work. Thus, if cloth be bailed to a tailor to be made into a coat, and the cloth is spoiled by him, or his serv-ants or workmen, in cutting or making it up, the tailor must make good the loss." 1 Wait, Law & Prac. (5th Ed.) 601. Where the material is spoiled (that is, rendered valueless as such), the damage must be its value at the time of the injury, for nothing less will compensate; but where the injury is remediable at slight expense, or the ma-terial after the injury has a substantial value, the bailee makes ·good the loss when he pays for any mischief which results from his misconduct. The liability for breach of contract is less extensive than that for a tort, involving only such consequences as were the ·direct result of the breach, and were within the contemplation of the parties at the time of the formation of the contract. 5 Am. & Eng. Enc. Law, 13. "The distinction between acts of trespass, acts of misfeasance, and acts of conversion is often a substantial one. In actions in the nature of trespass or case, for misfeasance, the plaintiff recovers only the damages which he has suffered by rea-son of the wrongful acts of the defendant; but in actions in the nature of trover the general rule of damages is the value of the property at the time of the conversion, diminished, when property has been returned, and received by the owner, by the value of the property at the time it was returned, so that after the conversion, and until the delivery to the owner, the property is absolutely at the risk of the person who has converted it; and he is liable to pay for any depreciation in value, whether that depreciation has been occasioned by his negligence or fault, or by the negligence or fault of any other person, or by inevitable accident, or the act of God." Hale, Bailm. (Hornbook Series) 188. Another distinction is that a judgment for a breach of contract or injury to property, though followed by payment, does not transfer title to the subject-matter involved, while a judgment in trover for conversion will, after payment, effect a complete change of ownership, by operation of law. Thurst v. West, 31 N. Y. 210; 2 Kent, Comm. 387, 388; Osterhout v. Roberts, 8 Cow. 43. This upon the theory that the plaintiff, by suing in trover, elects to compel the defendant to be-come a purchaser of the property, and to pay its value at the date of conversion. Freem. Judgm. (3d Ed.) § 237. The exceptional rule that where property has a peculiar value to the owner, such as it has to no other person, and where it cannot be replaced by other goods of like kind, the actual value to the owner may be allowed, is especially applicable to household goods and wearing apparel which have been wholly lost, and where the owner is seeking to re-cover the value (Hale, Dam. [Hornbook Series] 182), but inapplicable to cases involving a mere breach of contract, where the difference in actual value is almost invariably the measure of recovery. There is another exceptional rule, by which damages are measured by what is called "pretium affectionis," because the property has for some particular reason a peculiar value to the owner, as the picture of a relative (2 Sedg. Dam. [7th Ed.] 370), or an heirloom which has no market value. In some cases of this character the value of the ar-

ticle to the owner might be considered the measure of the loss. 2 Hil. Torts (2d Ed.) 137. But no reported case has been found in which this rule has been applied to a garment made for one, and injured by his bailee while undergoing repairs. The cases cited by the plaintiff do not apply.

The judgment must be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.