[Civ. No. 7124. First Appellate District, Division Two.—September 10, 1930.]

MIRIAM NATHAN, Respondent, v. WILLIAM J. LOCKE et al., Appellants.

160

H. A. Postlethwaite for Appellants.

Arthur H. Barendt and William Klein for Respondent.

THE COURT.—The judgment is affirmed for the reasons given in our former opinion filed April 28, 1930, and reported in 287 Pac. 550. The motion to file certain documentary evidence is granted.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 8, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 2, 1930.

The following is the opinion of April 28, 1930, rendered in the above-entitled cause:

NOURSE, P. J.—Plaintiff sued for contribution against each of the defendants upon a final judgment which had been rendered against the three. Plaintiff had a several judgment against each of the defendants, from which they join in an appeal upon typewritten transcripts.

The three parties were co-owners of real property situated in Mendocino County. Plaintiff held an undivided one-half interest and each of the defendants held an undivided one-quarter interest in the property. The three owners joined in a written lease to one Miller on May 16, 1922. In September, 1922, Miller notified the plaintiff herein that he would be unable to pay the balance of the rent due in October of that year and offered to give her a note for it. Such a note was taken by the plaintiff and handed to the defendants herein, who declined to accept the note unless it was secured by a mortgage on the fall crops. Demand was thereupon made upon the lessee that such a mortgage be given, but the note was not returned to him. Thereafter a controversy arose between the lessors and the lessee as to the right of the latter to cut and remove wood

from the premises, and as a result of this controversy and the matter of the unsecured note notice was given to the lessee to deliver possession of the property to an agent of the lessors, and about the same time suit was commenced against the lessee on account of the October installment of rent, in which wood which he had cut upon the premises was attached. The lessee vacated the premises a few days later and thereupon brought an action for damages against the three lessors. The cause was tried before a jury in Mendocino County and resulted in a verdict for the lessee in the sum of $2,500. This judgment was appealed to the District Court of Appeal and affirmed. Thereafter, being threatened with execution upon her property located in Mendocino County, the plaintiff in this action paid the judgment, with the costs and attorneys' fees incurred in defending the action, amounting to something over $3,500. She then commenced this proceeding demanding from her colessors contribution to her of their proportion of the amount paid, based upon their individual interest in the property which was under lease.

The one issue involved in this appeal is whether the action maintained in Mendocino County was *ex contractu* or *ex delicto*. ■ It is conceded that in this state there is no right to contribution between joint tort-feasors. (6 Cal. Jur. 512.) If, therefore, the Mendocino action was one in tort the respondent herein may not seek contribution from the appellants.

■ In determining whether an action is on the contract or in tort the general rule is that the character of the action is to be determined by the nature of the grievance rather than by the form of the pleadings. (*Ft. Smith & W. R. Co.* v. *Ford*, 34 Okl. 575 [41 L. R. A. (N. S.) 745, 126 Pac. 745, 746]; 1 C. J., p. 1015.) Another rule which is universally accepted in determining the nature of an action of this kind is that when it is not clear to which class the action belongs it will ordinarily be construed as in contract rather than in tort. (1 C. J., p. 1015.) The reason for this rule is that the construction should be against the pleader and the liability in contract is less extensive than the liability in tort. (*May* v. *Georger et al.*, 21 Misc. Rep. 622 [47 N. Y. Supp. 1057, 1059].) Another guide is noted in 1 Corpus Juris, page 1016, where it is said: ''Where

a complaint states a cause of action in contract and it appears that this is the gravamen of the complaint, the nature of the action is not changed by the fact that there are also allegations in regard to tortious conduct on the part of defendant. . . . Conversely, if the complaint states a cause of action in tort and it appears that this is the gravamen of the complaint, the nature of the action is not changed by allegations in regard to the existence or breach of a contract.'' Illustrations of the latter class of actions are those for damages arising out of the contract relations between bailer and bailee, carrier and passenger, master and servant, innkeeper and guest, etc. In such cases the tort which is the basis of the claim for damages lies in the breach of the duty imposed by law and the allegations of the contract relations between the parties are merely for the purpose of showing that the plaintiff was not a trespasser or that he was lawfully in the position or situation at the time the defendant's breach occurred. On the other hand, if there is no liability except that arising out of the breach of a purely contractual duty the action must be in contract and an action in tort cannot be maintained. Illustrations of this class are found in the cases cited in the note, 1 Corpus Juris, page 1016.

As between landlord and tenant, where the lease contains a covenant for quiet enjoyment, the usual remedy for the tenant is an action for a breach of the covenant. (36 C. J. 82, and cases cited.) Where the breach of the covenant amounts to an eviction, either actual or constructive, the tenant may sue for damages resulting from the eviction, but if the tenant's damage is a result of the lessor's failure to perform the covenant of quiet enjoyment only and not the result of a trespass or other overt act on the part of the lessor then, under the rules heretofore discussed, the presumption would be that the action is on the contract. Putting it in another way, if the acts complained of were actionable only because of the contract and there is no negligence or breach of duty distinct from the breach of promise under the contract the case is *ex contractu*. (*Tuttle* v. *George H. Gilbert Mfg. Co.*, 145 Mass. 169 [13 N. E. 465, 467].)

With these rules in mind, we may refer briefly to the amended complaint upon which the Mendocino trial was

had. The execution of the lease containing the covenant for peaceable and quiet enjoyment was first pleaded. It was then alleged that, notwithstanding the terms of this covenant, the lessors evicted and ejected the lessee from the possession of the property and that if he had been allowed to continue in the peaceable possession thereof he would have obtained in profit from farming the land leased for the remainder of the term a sum of $6,500. It is also alleged that the plaintiff had prepared a portion of the land and sown the same to grain at an expense to him of $271.50; that he had also made permanent improvements to the land to the value of $550, and that he had been prevented from obtaining the profits from the sale of wood cut on the land which he was permitted to cut under the terms of the lease and which profits would have amounted to $750. Other items were listed under special allegations of financial loss to the lessee which were attributed solely to the lessors' failure to perform the covenant of undisturbed and peaceable possession of the premises. No overt act constituting a trespass or act of negligence on the part of the lessors was alleged, but the whole theory of the complaint, including the prayer, was based upon the loss of anticipated profits which the lessee would have received if he had been allowed to continue in the peaceable and undisturbed possession of the premises. We are satisfied from our examination of the pleading that the action was based upon the contract and was not an action in tort.

On this appeal the appellants insist that we cannot reach this determination upon a review of the pleadings in the former trial, but that we are bound by certain language found in the opinion of the District Court of Appeal on the appeal from that judgment. (*Miller* v. *Nathan,* 87 Cal. App. 185 [261 Pac. 1047].) Stress is laid upon the language of that decision, where it is said that after the lessee vacated the premises an action was brought for damages for the "eviction" and that upon the review of the evidence in the case the District Court affirmed the judgment, holding that such evidence was sufficient to justify the judgment "as to the eviction." But if the court in that case had been called upon to determine whether the eviction relied on was forcible or constructive it would have been compelled to hold that it was constructive merely

because of the allegations of the complaint. We have heretofore said that in cases of this character the action may be one upon the contract or it may be one in tort. But where the pleadings upon which the action was tried unmistakably stamp the action as one upon the contract we are not permitted to find it to be otherwise because of language in the opinion of the appellate court where the point was not before that court to be decided.

One other point raised by appellants requires attention. It is argued that the judgment herein must be reversed because the trial court failed to make a finding upon appellants' separate defense to the effect that respondent falsely represented to them the facts regarding the conduct of the tenant and that by reason of such false representations they were led to sanction the actions of this respondent which resulted in the eviction of the tenant and which became the basis of the judgment in the Mendocino court.

No evidence is printed covering the issue as is required by section 953c of the Code of Civil Procedure, and the appellants have, therefore, wholly failed to disclose any prejudicial error. The failure of the trial court to find upon an issue raised by either party requires a reversal only when it is shown that the issue is material to and would affect the judgment and that the evidence was such that a different finding might have been made. (2 Cal. Jur., p. 1034.) The principle is stated in *Cutting Fruit Packing Co.* v. *Canty,* 141 Cal. 692, 696 [75 Pac. 564, 565]: "Error is not to be presumed, and if the appellant would contend that the court should have found . . . it was incumbent upon him to cause the record to show that such finding was required by the evidence." (*Himmelman* v. *Henry,* 84 Cal. 104, 106 [23 Pac. 1098]; *Preluzsky* v. *Pacific Co-operative C. Co.,* 195 Cal. 290, 295 [232 Pac. 970].)

Judgment affirmed.

Sturtevant, J., and Dooling, J., *pro tem.,* concurred.