[Civ. No. 7535. First Appellate District, Division Two.—April 7, 1931.]

WILLIAM RUSHING et al., Respondents, v. PICKWICK STAGES SYSTEM (a Corporation), Appellant.

B. P. Gibbs and M. Tellefson for Appellant.

James R. Loofbourow and M. Mitchell Bourquin for Respondents.

NOURSE, P. J.—Plaintiff sued in the Superior Court for the city and county of San Francisco for personal injuries. Defendant moved for a change of venue to Los Angeles County. The motion was denied and the defendant has appealed upon typewritten transcripts.

If the action is in tort the judgment must be reversed because section 395 of the Code of Civil Procedure provides that such actions must be tried in the county where the defendant resides or where the injury occurred. The uncontradicted showing is that defendant is a corporation having its principal place of business in Los Angeles County and that the injury occurred in Santa Barbara County. Hence, in an action in tort to recover damages for the injury, San Francisco was not the proper county for the venue of the action and defendant was entitled to a transfer in the absence of a counter-showing. (*Mansfield* v. *Pickwick Stages,* 191 Cal. 129, 132 [215 Pac. 389].) The only counter-showing which the plaintiffs endeavored to make was that the action was in contract—upon the breach of a contract of safe carriage.

In determining whether an action is on the contract or in tort the character of the action is to be determined by the nature of the grievance rather than by the form of the pleadings. (*Ft. Smith & W. R. Co.* v. *Ford,* 34 Okl. 575 [41 L. R. A. (N. S.) 745, 126 Pac. 745, 746]; 1 Cor. Jur., p. 1015.) "If the complaint states a cause of action in tort and it appears that this is the gravamen of the complaint, the nature of the action is not changed by allegations in regard to the existence or breach of a contract." (1 Cor. Jur., p. 1016.) We had occasion to consider this same question in *Nathan* v. *Locke,* (Cal. App.) 287 Pac. 550, 551, where we said: "Illustrations of the latter class of actions are those for damages arising out of the contract relations between bailor and bailee, carrier and passenger, master and servant, innkeeper and guest, etc. In such cases the tort which is the basis of the claim for damages lies in the breach of the duty imposed by law and the allegations of the contract relations between the parties are merely for the pur-

pose of showing that the plaintiff was not a trespasser or that he was lawfully in the position or situation at the time the defendant's breach occurred. On the other hand, if there is no liability except that arising out of the breach of a purely contractual duty the action must be in contract and an action in tort cannot be maintained. Illustrations of this class are found in the cases cited in the note, 1 Corpus Juris, page 1016.''

Here the plaintiffs alleged a contract to carry Mrs. Rushing in safety from Los Angeles to San Francisco and a breach of that contract in that the defendant ''so carelessly and negligently operated its said automobile bus that said automobile bus ran off the highway and into a ditch alongside the highway near Santa Maria, California, and thereby inflicting upon the plaintiff, Grace Rushing, the following injuries''.

It must be evident from the language quoted that the injuries resulting from defendant's alleged negligence are the gravamen of the action pleaded and the action is, therefore, one in tort, as was held in *Basler* v. *Sacramento etc. Ry. Co.*, 166 Cal. 33, 36 [134 Pac. 993], where the Supreme Court had before it a complaint in substantially the same language.

We conclude that the action is in tort, and the plaintiffs having failed to make any counter-showing to the motion for a change of venue, that motion should have been granted.

The order is reversed, with directions to grant the motion.

Sturtevant, J., and Spence, J., concurred.