[Civ. No. 7104. Third Dist. Dec. 12, 1944.]

MARGARET WILLIAMSON, Appellant, v. PACIFIC GREYHOUND LINES (a Corporation), Respondent.

Clarence N. Riggins for Appellant.

Cooley, Crowley & Supple and Leighton M. Bledsoe for Respondent.

THOMPSON, J.—The plaintiff has appealed from an order changing the place of trial in a suit for damages for personal injuries from Napa County to the city and county of San Francisco, which is the residence of the defendant corporation.

The complaint alleges that while plaintiff was riding as a passenger in defendant's stage from Napa to San Francisco she suffered personal injuries as a result of baggage falling from a rack above her seat and striking her on the head. It is alleged that the accident occurred through the negligence of the employees of the defendant in failing to inspect the racks to see that the baggage was safely stored, and in driving the bus at an excessive rate of speed. The complaint incidentally alleges that plaintiff paid her fare and that the defendant agreed to exercise "utmost care" to safely convey plaintiff to her destination. The damages sought to be recovered are for plaintiff's personal injuries and incidental expenses incurred on that account for medical care and loss of wages. The complaint does not allege the name of the county in which the accident occurred, but defendant's affidavit, filed on motion for the change of venue, avers that the injuries, if any, were sustained in either Sonoma or Marin County. That averment was not contradicted. No counter-affidavit was filed by the plaintiff in rebuttal of defendant's affidavit.

The appellant contends the court erred in granting the change of venue for the reason that the complaint is founded on the contract of the defendant to safely convey plaintiff as a passenger to her destination, and that Napa County, the place where the contract was entered into, is the proper place of trial as provided by section 394 of the Code of Civil Procedure. In support of her claim of right to waive the tort and rely upon a breach of contract for her cause of action, the appellant cites *Justis* v. *Atchison, Topeka & Santa Fe Ry. Co.*, 12 Cal.App. 639 [108 P. 328]; *Sheldon* v. *Steamship Uncle Sam*, 18 Cal. 526 [79 Am.Dec. 193], and 1 C.J.S. 1119, § 49(5).

The court did not err in granting defendant's motion

for a change of venue to the city and county of San Francisco, which was the place of its residence. (Code Civ. Proc., § 395; *Basler* v. *Sacramento Electric Gas & Ry. Co.*, 166 Cal. 33 [134 P. 993]; *Rushing* v. *Pickwick Stages System*, 113 Cal. App. 240 [298 P. 150]; *Nathan* v. *Locke*, 108 Cal.App. 158 [287 P. 550, 291 P. 286]; *Kings Laboratories, Inc.* v. *Yucaipa Valley Fruit Co.*, 18 Cal.App.2d 47 [62 P.2d 1054]; *Mansfield* v. *Pickwick Stages, N. Div.*, 191 Cal. 129 [215 P. 389]; 1 C.J.S. 1121, § 49(5).)

Section 395 of the Code of Civil Procedure provides in part:

". . . If the action be *for injury to person,* or to personal property, or from death from wrongful act, or negligence, either the county *where the injury occurs,* or where the injury causing death occurs, *or the county in which the defendants, or some of them, reside at the commencement of the action, shall be a proper county for the trial of the action.*" (Italics added.)

In the present case it is not contended the injuries to plaintiff occurred in Napa County. Defendant's affidavit for change of venue avers, on information and belief, that the injuries sustained by plaintiff, if any, did not occur in Napa County, but on the contrary that they were sustained in either Sonoma or Marin County. That averment is not controverted.

The authorities last cited are uniform in declaring that the gravamen of the cause of action relied upon determines whether it is dependent upon tort or a breach of contract. The "gravamen" is defined in Webster's New International Dictionary, second edition, page 1094, as "The material part of a grievance, charge, etc." In the Basler case, *supra,* the plaintiff appealed from a judgment dismissing the action for want of prosecution. The sole question on appeal was whether the statute of limitations barred the action. That question required the court to determine whether the action was founded on a suit for breach of a contract or upon a tort. Like the present suit, the plaintiff alleged that his wife was injured as a result of defendant's negligence in operating the train, causing her to be violently thrown against a seat in the car in which she was riding and to be thereby injured. That complaint also alleged that plaintiff's wife was injured while riding as a passenger for which privilege she had paid fare. It was contended the suit was based on the contract for safe conveyance and that the action was therefore not

barred by the statute of limitations. The Supreme Court said:

"It is true that the complaint avers the fact that Mrs. Basler paid her fare and the further facts that she was received as a passenger by defendant and was injured by the negligence of its servants while she was such passenger. . . . In such actions where, as here, *the breach of duty and the consequent injury to the passenger are set forth, such violation of its obligation by the common carrier is the gravamen of the action which arises ex delicto and not ex contractu,.* [Citing authorities.]" (Italics added.)

Likewise, the court says in the Rushing case, *supra*:

"In determining whether an action is on the contract or in tort *the character of the action is to be determined by the nature of the grievance rather than by the form of the pleadings.* [Citing authorities.] *'If the complaint states a cause of action in tort and it appears that this is the gravamen of the complaint, the nature of the action is not changed by allegations in regard to the existence or breach of a contract.'* (1 C.J., p. 1016.) We had occasion to consider this same question in *Nathan* v. *Locke* [108 Cal.App. 158] 287 P. 550, 551 [291 P. 286], where we said: 'Illustrations of the latter class of actions are those for damages arising out of the contract relations between bailor and bailee, carrier and passenger, master and servant, innkeeper and guest, etc. In such cases the tort which is the basis of the claim for damages lies in the breach of the duty imposed by law and *the allegations of the contract relations between the parties are merely for the purpose of showing that the plaintiff was not a trespasser or that he was lawfully in the position or situation at the time the defendant's breach occurred. . . .'*

"'It must be evident from the language quoted that the injuries resulting from defendant's alleged negligence are the gravamen of the action pleaded and the action is, therefore, one in tort." (Italics added.)

The authorities are uniform in holding that the nature of the action with respect to whether it is based on a breach of contract or sounds in tort must be determined by the gravamen, or essential facts or grievance as alleged, to be ascertained from a consideration of the pleading as a whole. (1 C.J.S. 1100, § 46; 1 Cal.Jur. 322, § 13.) In the authority last cited it is said:

"Actions based on negligence through failure to perform

duties created by a contractual relation, such as the relation between a hospital and a patient, an employer and an employee, and *a common carrier and a passenger,* although containing elements of both contract and tort, *are regarded as actions ex delicto, since negligence is considered the gravamen of the action."* (Italics added.)

It is the established rule that before judgment a pleading is to be construed most strongly against the pleader. (21 Cal.Jur. 51, § 29.) If the complaint is uncertain as to the nature of an action, on a motion for change of venue the court may be justified in construing it against the pleader in determining whether the action is founded on a breach of contract or upon tort.

There is nothing in the case of Sheldon, *supra,* upon which the appellant relies, in conflict with what we have previously said regarding the rule in determining whether the action is founded on a breach of contract or upon tort. It is clear that the gravamen of that action was alleged fraud of the steamship company in advertising and contracting to safely and speedily convey Sheldon's wife as a passenger from San Francisco to San Juan del Sur. It appeared that the company previously had a charter from the Government of Nicaragua for transit across the Isthmus, which had been revoked. The contract for safe and prompt conveyance of Sheldon's wife was made in 1856. The company deceived plaintiff regarding its facilities for safe and prompt conveyance of passengers. Mrs. Sheldon suffered delay and hardship which caused inconvenience, expense and illness. The court said:

"The complaint charges, and the jury find, that Mrs. Sheldon was taken to Panama without her consent, . . . that she was compelled to disembark in an open boat during a severe rain, and was transported to Aspinwall by railroad in a coal car; that she was detained at Aspinwall seventeen days, during which period she was abandoned by the company, and left without protection or assistance; that the food and accommodations at Aspinwall were bad, and the climate unhealthy," and that she suffered damages as a result thereof.

The court held that:

"The treatment to which she was subjected upon her arrival at Panama, and the fraud and imposition which had been practiced upon her, make out a gross and palpable wrong. For this wrong the law entitles her to compensation in damages."

Clearly the gravamen of that action was based upon a con-

tract for conveying Mrs. Sheldon as a passenger from San Francisco to San Juan del Sur, which was procured by fraud, and which was not fulfilled. It was not a suit primarily founded on negligence. It was based on fraud and neglect. The court properly held "It is immaterial that the injury is charged to have been committed in violation of a contract." The judgment was reversed on the ground that "Plaintiffs cannot recover jointly [as husband and wife] in an action ex contractu for a breach of the contract." The construction of the complaint in that case distinguishes it from the allegations in the present action.

We conclude that the Justis case, *supra*, upon which the appellant chiefly relies, is not in conflict with what we have previously said regarding the duty of the court to determine from the gravamen of the complaint whether the case properly sounds in contract or in tort. The main issue in the Justis case was the question as to whether the release of liability for the injuries sustained would become binding upon both the husband and wife without the husband joining therein since damages for injuries to a wife is community property under the statutes of California. The court said in that regard:

"The right of action for injury to the wife and the money recovered therefrom being community property, the wife could not, . . . of course, alone, execute a release or satisfaction of the obligation."

The question as to whether the complaint was founded on contract to safely convey the wife to her destination based on a contract represented by the purchase and payment of a ticket on a railway train, was only incidentally involved. The court merely determined that under section 2100 of the Civil Code, "A carrier of persons for reward must use the utmost care and diligence for their safe carriage." Incidentally, the court did say, "The complaint here states a cause of action against the defendant for a violation of the obligation assumed by it to carry Mrs. Justis in safety to her destination." But the opinion fails to relate the allegations of the complaint upon which the court determined that "The facts alleged in the complaint sufficiently state a cause of action based upon the contract." In accordance with the well established rule that the question as to whether the gravamen of the allegations of the complaint indicate that the action is founded on contract or upon tort, we must assume that the complaint in the Justis case adequately shows that it was properly founded

on contract. Each case must rest, in that regard, upon the construction of the facts related in the complaint taken as a whole. That case recognizes the fact that actions for damages to a passenger for negligence of the carrier usually sound in tort and not upon contract. Numerous cases in California and in other jurisdictions recognize that fact. Any other rule would lead to hopeless confusion regarding the proper venue of an action in ordinary negligence cases for personal injuries received. The later Supreme Court case of *Basler* v. *Sacramento Electric Gas & Ry. Co.*, *supra*, determines that rule, wherein it is said: "Where, as here, the breach of duty and the consequent injury to the passenger are set forth, such violation of its obligation by the common carrier *is the gravamen of the action which arises ex delicto and not ex contractu.*" (Italics ours.) Certainly the Justis case is not controlling of that issue in this case.

Considering the complaint in this case as a whole, we are convinced this is clearly an action for damages for personal injuries, based on alleged negligence of the employees of the Pacific Greyhound Lines, sounding in tort and not upon contract, in spite of the fact that incidentally it is alleged that the accident occurred while the plaintiff was riding in the bus as a paid passenger holding a ticket requiring the carrier to exercise utmost care and diligence for her safe conveyance.

The order is affirmed.

Adams, P. J., and Peek, J., concurred.

A petition for a rehearing was denied January 10, 1945, and appellant's petition for a hearing by the Supreme Court was denied February 8, 1945. Carter, J., and Schauer, J., voted for a hearing.