[Civ. No. 16888. Second Dist., Div. Three. May 19, 1949.]

ALBERT DeMIRJIAN et al., Respondents, v. IDEAL HEATING CORPORATION (a Corporation), Appellant.

John W. Preston, John W. Preston, Jr., and Morris Bordon for Appellant.

McBain & Morgan, Irving E. Tarson and Lane & McGinnis for Respondents.

SHINN, P. J.—This is an appeal from an order denying motion of defendant and appellant to discharge an attachment issued and levied upon its bank account. The appeal is presented upon a clerk's transcript. The action is based upon a fire allegedly caused by defendant's negligence. Plaintiffs are seeking to recover damages for the destruction of and injury to their real and personal property, for loss of profits, and for attorney's fees incurred in enforcing plaintiffs' rights.

At the time of the fire, plaintiffs were the owners of two adjoining parcels of real property both of which were improved with business buildings, and which were located respectively at 807 East Gage Street and 817 East Gage Street in the city of Los Angeles. On August 21, 1940, defendant had leased the premises at No. 807 from plaintiffs' predecessors in interest. Plaintiffs occupied and carried on an art and lamp business in their building at No. 817. The fire, out of which the action arose, commenced upon the premises leased by defendant and spread to the adjoining premises occupied by plaintiffs, causing extensive destruction and damage to both. The complaint sets forth five causes of action, the first three of which purportedly state a basis for liability under the terms of the written lease. Counts four and five are concededly grounded solely upon negligence. The issue which we are called upon to determine is whether plaintiffs' complaint states, or purports to state, a cause of action which is based "upon a contract, express or implied, for the direct payment of money" (Code Civ. Proc., § 537), and which will therefore support an attachment.

Plaintiffs' first three causes alleged are predicated upon a provision appearing in paragraph 8 of the lease which reads: "Lessee agrees to hold Lessors and said premises free and harmless from any damage resulting from the use, misuse or neglect thereof and all appurtenances thereto." The nature of plaintiffs' action is sufficiently indicated by the allegations which appear in the first cause of action. They may be summarized as follows: By the terms of the lease, the lessee expressly and impliedly agreed to reimburse plaintiffs for all damage resulting both to plaintiffs and to said leased premises from said defendants' use, misuse or neglect of said premises; defendants so used, misused and neglected said premises and their appurtenances as to render them in a highly inflammable and dangerous condition in that they maintained thereon, unguarded and exposed, large stocks of

paint, lacquer thinner and other liquids, substances and properties of a highly volatile, inflammable and explosive nature, these materials were left exposed to numerous employees and many other persons having access to the premises and to lighted matches, cigarettes, fires, etc., without notice or warning of any kind or nature as to the dangerous and noxious properties thereof, and as a direct and proximate result of defendant's use, misuse and neglect of the premises as aforesaid, the fire occurred for which recovery is sought.

Despite plaintiffs' artfully contrived attempt to state causes of action within the scope of section 537 of the Code of Civil Procedure, we think they have failed to do so and that the court below was in error in refusing to discharge the attachment.

When a party seeks the remedy of attachment it is the fundamental basis of his cause of action, rather than the form or phraseology of his pleadings which determines his right to the writ. (*Hallidie* v. *Enginger,* 175 Cal. 505 [166 P. 1]; *San Francisco Iron etc. Co.* v. *Abraham,* 211 Cal. 552, 554 [296 P. 82]; *Powers* v. *Freeland,* 114 Cal.App. 146, 149 [299 P. 736]; *Bullard* v. *Rosenberg,* 130 Cal.App. 542 [20 P.2d 104]; *Rosenberg* v. *Bullard,* 127 Cal.App. 315 [15 P.2d 870].) In the Powers case (p. 149) it was declared to be an "elementary principle" that "it is the substance of the cause of action which is important rather than its form . . . for if the cause of action is one that in reality sounds in tort the remedy of attachment, which is purely statutory, is not available to a complainant under our statutes and the statutory inhibition may not be overcome by pleading a cause of action, which is really one in tort, as one sounding in contract." (See, also, 2 R.C.L. § 815; 4 Am.Jur. § 106, p. 622; 7 C.J.S. § 13, p. 201, and cases there cited.)

It is well established that there are certain situations in which a plaintiff may elect to sue upon a contract theory, rather than a tort theory, and may be entitled to an attachment if he does so. (*Los Angeles Drug Co.* v. *Superior Ct.,* 8 Cal.2d 71 [63 P.2d 1124]; *McCall* v. *Superior Court,* 1 Cal. 2d 527 [36 P.2d 642, 95 A.L.R. 1019]; *Oil Well Core Drilling Co.* v. *Barnhart,* 20 Cal.App.2d 677 [67 P.2d 696]; *Yosemite etc. Assn.* v. *Case-Swayne Co.,* 73 Cal.App.2d 806 [167 P.2d 541].) In cases of this nature, however, it invariably appears that the alleged tortious conduct is merely incidental to the contractual liability relied upon, or as pointed out in *Oil Well Core Drilling Co.* v. *Barnhart, supra,* that it is unnecessary

to prove the commission of a tort in order to make the contract counts good. The controlling principle, which is uniformly recognized by the authorities, is that if the complaint, which is to be considered as an affidavit for the purpose of a motion to discharge an attachment (*San Francisco Iron etc. Co.* v. *Abraham, supra,* 211 Cal. 552 [296 P. 82]), reveals the gravamen of the action to be ex delicto rather than ex contractu, the attachment will not lie.

With these rules in mind, we turn to a consideration of the nature of plaintiff's action. Under varying circumstances, it has been repeatedly affirmed that if the complaint states a cause of action for breach of a promise set forth in the contract the action is to be regarded as ex contractu, but if it seeks damages arising out of the breach of a duty growing out of the contract, the action will be regarded as ex delicto. (*Jones* v. *Kelly,* 208 Cal. 251, 254 [280 P. 942; *Peterson* v. *Sherman,* 68 Cal.App.2d 706, 711 [157 P.2d 863].) Accordingly, it has been held that a cause of action against a carrier for personal injuries, although pleaded as a breach of contract for safe conveyance, sounds in tort. (*Williamson* v. *Pacific Greyhound Lines,* 67 Cal.App.2d 250 [153 P.2d 990] ; *Basler* v. *Sacramento etc. Ry. Co.,* 166 Cal. 33 [134 P. 993] ; *Rushing* v. *Pickwick Stages System,* 113 Cal.App. 240 [298 P. 150].) Similar conclusions have been reached in actions for injury to persons or property caused by defective or impure products, pleaded in terms of breach of warranty. (*Singley* v. *Bigelow,* 108 Cal.App. 436 [291 P. 899] ; *Gosling* v. *Nichols,* 59 Cal.App.2d 442 [139 P.2d 86] ; *Automobile Ins. Co.* v. *Union Oil Co.,* 85 Cal.App.2d 302 [193 P.2d 48]), and in actions for malpractice based upon alleged breach of contract to provide competent medical care (*Harding* v. *Liberty Hospital Corp.,* 177 Cal. 520 [171 P. 98] ; *Marty* v. *Somers,* 35 Cal.App. 182 [169 P. 411] ; *Specr* v. *Brown,* 26 Cal.App.2d 283 [79 P.2d 179]). "In such cases the tort which is the basis of the claim for damages lies in the breach of the duty imposed by law, and the allegations of the contract relations between the parties are merely for the purpose of showing that the plaintiff was not a trespasser or that he was lawfully in the position or situation at the time the defendant's breach occurred." (*Nathan* v. *Locke,* 108 Cal.App. 158, 162 [287 P. 550, 291 P. 286].)

Applying the foregoing principles to the present case, it is manifest that plaintiffs' complaint sounds in tort

and not in contract. The relationship between plaintiffs and defendant was created by the lease contract, but defendant's duty to exercise reasonable care, and to respond in damages for a failure to do so, were imposed by force of law, independent of any contract or the terms thereof. (Civ. Code., §§ 1708, 1714, 1929; see *Berning* v. *Colodny & Colodny*, 103 Cal.App. 188, 191 [284 P. 496].) Plaintiffs' claim for relief stems from alleged tortious negligence on the part of defendant in storing dangerous inflammables in an exposed condition without warning or safeguard. With the exception of the count for attorney's fees, there are no allegations tending to indicate any basis of liability arising solely out of the contract or out of any source other than the law of torts. The clause obligating defendant to save plaintiffs harmless for "use, misuse or neglect" must be read in conjunction with a further provision expressly exempting defendant from liability for damage due to "ordinary use." As so construed it is clear that any liability on the part of defendant which might obtain under this provision of the lease would depend entirely on proof directly establishing liability in tort. The only breach of the provision alleged consists of the alleged negligence; the liability sought to be enforced is one that existed independently of the lessor-lessee relationship or the terms of the lease. We conclude that although plaintiffs' action for damages resulting from the fire may have been technically pleaded in terms of contract, its gravamen is tort, and accordingly it will not support an attachment.

Plaintiffs' third cause of action contains a count for attorney's fees in the sum of $75,000 which is based upon a clause in section 12 of the lease reading as follows: "In any action at law or equity necessary to enforce Lessors' rights hereunder, Lessee agrees to pay all reasonable costs including attorney's fees, incurred by Lessors herein."

It is contended that the cause of action for attorney's fees furnishes ground for an attachment, in the amount of the demand. We entertain a contrary view. It would require a strained construction of the attorney's fee provision to extend its coverage to actions to enforce a liability such as the one ·pleaded, which exists independently of the lessor-lessee relationship.

Provisions imposing an obligation to pay for attorney's fees incurred in the enforcement of rights arising out of contracts are commonly found in leases and many other types of contracts. It may not be questioned that·it would be permis-

sible to frame such provisions so as to extend the liability to actions for damages arising out of torts directly or indirectly connected with the subject matter of the contract, but we have been unable to discover any reported case in which a court has had occasion to consider a contract in which such broad liability has been so expressed. Nor to our knowledge has any court passed upon the contention that a conventional provision for attorney's fees creates an obligation of the promisor to pay such fees in an action brought to recover damages arising solely out of the promisor's negligence. If such unusual and extensive liability is to be created, it must be by clearly expressed agreement of the parties and not by means of a mere interpretation of vague, general language, such as the parties here employed. We therefore hold that the provision for attorney's fees was not an undertaking upon the part of defendant for which a recovery may be had in the present action and that the attachment should have been discharged for this reason.

█ There are several other reasons for our conclusion that the demand for attorney's fees does not furnish support for the attachment.

The prayer of the complaint is for $302,474.28, including $75,000 demanded for attorney's fees. It is averred in the amended affidavit for attachment that the defendants are indebted to plaintiffs in the sum of $200,000 upon a written contract for the direct payment of money, to wit: ''Payment for damage to and destruction of premises leased to defendants and for damage to and destruction of personal property located in said adjoining premises and loss of profits resulting from destruction of plaintiff's business conducted therein, together with reasonable attorney's fees as prayed for in the complaint as amended on file herein.'' This affidavit is insufficient to support an attachment upon the claim for attorney's fees. Exclusive of that claim, the amount sued for as damages for destruction of property and loss of profits exceeds the amount for which the attachment was sought and issued. It is impossible to determine from the affidavit whether the attachment was sought in the amount of $75,000 or any other sum on the basis of the claim for attorney's fees as distinguished from the alleged damage to the buildings, the destruction of personal property and the loss of profits. It follows from our first holding that considerably more than $200,000 was sought upon demands for which an attachment will not lie. The affidavit therefore does not state the amount

claimed to be due for attachment purposes upon contract for the payment of attorney's fees, nor does it furnish evidence that the attachment was sought upon that claim as distinguished from the others. For this reason alone the attachment should be dissolved. (*Doud* v. *Jackson*, 102 Cal.App. 213, 219 [283 P. 107].) But even if it should be assumed that the reference to "reasonable attorney's fees as prayed for in the complaint" was intended as an application for attachment to the amount of $75,000, it is obvious that the affidavit would not support a writ for the amount of $200,000. (*Finch* v. *McVcan*, 6 Cal.App. 272 [91 P. 1019]; *Murillo* v. *Toole*, 47 Cal.App.2d 725, 729 [118 P.2d 895].)

The order is reversed with instructions to dissolve the attachment.

Wood, J., and Vallée, J., concurred.

A petition for a rehearing was denied June 8, 1949, and respondents' petition for a hearing by the Supreme Court was denied July 14, 1949.