[Civ. No. 2371. Fifth Dist. Mar. 18, 1976.]

STANLEY VOTH et al., Plaintiffs and Appellants, v.
WASCO PUBLIC UTILITY DISTRICT, Defendant and Respondent.

**COUNSEL**

Stephen E. Wall for Plaintiffs and Appellants.

Noriega, Clifford, Jenkins & Brown, Noriega, Clifford, Jenkins, Stanton & Brown, Thomas M. Stanton and James E. Brown for Defendant and Respondent.

## OPINION

**FRANSON, J.**—The issue is whether, under Government Code section 911.2, a lessee's claim for damages against a public entity-lessor for breach of an implied promise of fitness of water for use on growing crops sounds in tort so as to require the filing of the claim within 100 days after the accrual of the cause of action, or whether the claim is based on a contract thereby allowing the claim to be filed within one year. For the reasons hereafter expressed, we hold the one-year limitation period to be applicable.

Appellants were the assignees of an agricultural lease on land owned by respondent. The leased land was adjacent to respondent's sewage disposal plant. The rent was to be calculated on a percentage of each crop to be grown. Appellants were to pay $15,656.76 annually as advance rent for the ensuing crop year, such sum to be the minimum payment if the respondent's share of the crops did not exceed the amount of the advance payment.

The lease provided in pertinent part:

"(13) Lessee shall remove all sediment and/or fertilizer from the sewage disposal plant of Lessor as the same shall accumulate and shall properly spread all the same over and upon the lands herein demised.

"(14) Lessee shall cause all waters emanating from the sewer and/or sewage disposal plant of Lessor to be properly and promptly removed therefrom, and for this purpose Lessee shall construct and maintain in good repair all necessary ditches, levees, reservoirs, and checks. Lessee shall have all such waters without charge for irrigation purposes upon the herein demised premises."

The wells on the leased property did not produce a sufficient quantity of water for irrigation, and one of the wells flowed directly into the sewage reservoir. The water from the sewage plant had to be used to irrigate the crops.

During the 1971-1972 crop year, appellants had problems with their alfalfa crop. They alleged that some poison or impurity in the sewage water caused a reduced yield in the crop. Appellants had irrigated alfalfa in the past years with the sewage effluent and had experienced normal growth. The last cutting for the 1971-1972 year was made on November 5, 1972. Appellants' claim was filed with respondent on February 27, 1973, more than 100 days after the last cutting.

Appellants thereafter filed a complaint for damages for breach of the lease alleging that the lease required them to take all of respondent's sewage water and use it for irrigating the crops "thereby impliedly promising and warranting said waters to be reasonably suited for such irrigating use."

## DISCUSSION

Government Code section 911.2 provides: "A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented . . . not later than the 100th day after the accrual of the cause of action. A claim relating to any other cause of action shall be presented . . . not later than one year after the accrual of the cause of action."

Respondent contends that as appellants' claim relates to a cause of action for "injury to . . . growing crops" it comes within the 100-day filing period. However, the statutory language clearly indicates that the 100-day clause covers tort claims only, and the one-year clause was intended to cover claims arising out of contract and to claims for injury to real property. (Cal. Government Tort Liability (Cont. Ed. Bar 1964) § 8.26, p. 385.) Thus, we must decide whether appellants' claim is on the contract or in tort.

Whether an action is contractual or tortious depends upon *the nature of the right sued upon*, and not the form of the pleading or the relief demanded. (*Jefferson* v. *J. E. French Co.* (1960) 54 Cal.2d 717, 718 [7 Cal.Rptr. 899, 355 P.2d 643]; *Edwards* v. *Fresno Community Hosp.* (1974) 38 Cal.App.3d 702, 704 [113 Cal.Rptr. 579].) If the action is based on a breach of a promise, it is contractual; if it is based on a breach of a noncontractual duty, it is in tort.

If the breach is both contractual and tortious, we must ascertain which duty is the quintessence of the action. If it is unclear, courts generally

will consider the action to be in contract rather than in tort. (*L. B. Laboratories, Inc.* v. *Mitchell* (1952) 39 Cal.2d 56, 62 [244 P.2d 385]; 1 Cal.Jur.3d, Actions, § 15, pp. 455-456.) However, if the action is predicated on a duty independent of the contract, it will be deemed to be in tort regardless of the contractual relation of the parties. For example, actions based on a negligent failure to perform a contractual duty owing from a hospital to a patient (*Harding* v. *Liberty Hospital Corp.* (1918) 177 Cal. 520 [171 P. 98]), from a common carrier to a passenger (*Williamson* v. *Pacific Greyhound Lines* (1944) 67 Cal.App.2d 250 [153 P.2d 990]), from an employer to an employee (*Eads* v. *Marks* (1952) 39 Cal.2d 807 [249 P.2d 257]), and from a landlord to a tenant (*Jones* v. *Kelly* (1929) 208 Cal. 251 [280 P. 942]), although containing both contract and tort elements are regarded as delictual since the negligence is regarded as the basis of the wrong. (See 1 Cal.Jur.3d, Actions, § 15, pp. 455-456.)

Two landlord-tenant cases illustrate this principle. In *Jones* v. *Kelly, supra,* 208 Cal. 251, a tenant filed suit against his landlord for compensatory and exemplary damages for cutting off the water supply to the leased premises. It was alleged that without any warning the landlord intentionally and for the purpose of harassing the plaintiff had disconnected the water supply. In rejecting the defendant's contention that the action could only be brought on the contract and not in tort for compensatory and exemplary damages, the court held that the landlord's duty to refrain from injuring his tenant arose independently of the contract under Civil Code section 1708 which imposes a duty on every person to refrain from injuring another. "The fact that there existed a contract between the [parties] would not immun[ize] the [defendant] from the penalty that is ordinarily visited upon tortfeasors." (208 Cal. at p. 255.)

In *Nathan* v. *Locke* (1930) 108 Cal.App. 158 [287 P. 550, 291 P. 286], the lessee sued his lessors for breach of a covenant of quiet enjoyment. In holding that the nature of the lessee's action was in contract the court said: "Where the breach of the covenant amounts to an eviction, either actual or constructive, the tenant may sue for damages resulting from the eviction, but if the tenant's damage is a result of the lessor's failure to perform the covenant of quiet enjoyment only and not the result of a trespass or other overt act on the part of the lessor . . . , the presumption would be that the action is on the contract. Putting it in another way, if the acts complained of were actionable only because of the contract and there is no negligence or breach of duty distinct from the breach of promise under the contract the case is *ex contractu.*" (108 Cal.App. at p. 162.)

█ We observe in the present case that appellants' claim is based on respondent's alleged breach of a promise implied by the written provisions of the lease that the water from the sewage plant would be of sufficient quality to produce a normal crop. The promise arose because appellants were required to use the water in irrigating the crops, and presumably the parties to the lease understood this to be the fact. The promise benefited not only appellant but respondent as a co-owner of the crops.

When the law implies a promise from the terms of a written contract, the promise is as much a part of the contract as if it was written out. (*Amen* v. *Merced County Title Co.* (1962) 58 Cal.2d 528, 532 [25 Cal.Rptr. 65, 375 P.2d 33]—action based on a promise implied from a writing held to be within the four-year statute of limitation governing actions on written contracts.)

There are no allegations or proof of negligence or other overt act on respondent's part which would show a breach of a delictual duty and none are required. Respondent's liability, if any, will arise on proof that the water was not of sufficient quality to produce a normal crop and that this deficiency proximately caused the loss of the crop.

Respondent relies on two cases which are distinguishable. *Automobile Ins. Co.* v. *Union Oil Co.* (1948) 85 Cal.App.2d 302 [193 P.2d 48], was an action for breach of express and implied warranties and negligence in selling to the plaintiff a highly inflammable floor-cleaning product which caused a fire, damaging plaintiff's place of business. The alleged warranty was that the product was nonflammable and was fit and safe for said use. To determine the applicable statute of limitation the action was held to be in tort because the warranties arose not from the provisions of the contract of sale but by law from the relationship of the parties and the public policy of affording redress to one injured by a dangerous product manufactured and sold by another. Importantly, the plaintiff was not seeking to enforce a warranty of the product's fitness for a particular purpose—as would arise under California Uniform Commercial Code sections 2313 and 2315—for presumably the product was capable of cleaning the floors in a satisfactory manner. The court stated: ". . . , the contract as pleaded had nothing whatever to do with the liability other than to create a duty on the part of respondent herein, and the action is grounded not upon the contract, but upon the duty springing from the relation created by it. . . . [T]he . . . action is based upon the injury done to property." (85 Cal.App.2d at p. 307.)

In *DeMirjian* v. *Ideal Heating Corp.* (1949) 91 Cal.App.2d 905 [206 P.2d 20], a lessor sued his lessee for damage to the leased premises and the lessor's adjoining property from a fire caused by the lessee's storage of inflammable materials on the leased premises. The first three causes of action were predicated upon a lease provision that the lessee would hold the lessor harmless from the use, misuse, and neglect of the premises. The court held that in spite of the "artfully contrived attempt" to plead causes of action in contract so as to permit an attachment to issue under Code of Civil Procedure section 537, the entire action was in tort because the lessee's duty to use reasonable care was imposed by law under Civil Code section 1708, independent of the contract. The court said: " 'In such cases the tort which is the basis of the claim for damages lies in the breach of the duty imposed by law, and the allegations of the contract relations between the parties are merely for the purpose of showing that the plaintiff was not a trespasser or that he was lawfully in the position or situation at the time the defendant's breach occurred.' (*Nathan* v. *Locke*, 108 Cal.App. 158, 162 [287 P. 550, 291 P. 286].)" (91 Cal.App.2d at p. 909.)

Respondent argues that because the one-year limitation period of Code of Civil Procedure section 340, subdivision 3, rather than the two-year or four-year period governing actions upon contracts or commercial warranties (Code Civ. Proc., §§ 337, subd. 1, 339, subd. 1, and Cal.U.Com. Code, § 2725) applies to personal injury actions arising from breach of warranty (*Becker* v. *Volkswagen of America, Inc.* (1975) 52 Cal.App.3d 794 [125 Cal.Rptr. 326], *Mack* v. *Hugh W. Comstock Associates* (1964) 225 Cal.App.2d 583, 588-589 [37 Cal.Rptr. 466]), the shorter claims-filing period should apply in this case. These cases, however, are distinguishable in that they involve the doctrine of strict liability for the sale of defective products based on a warranty imposed by law as a matter of public policy, rather than one which arises by consent of the parties. A personal injury or property damage claim based on a breach of warranty or strict liability theory is treated essentially as a tort action not governed by ordinary contract or commercial law principles. (See *Becker* v. *Volkswagen of America, Inc., supra*, 52 Cal.App.3d 794, 798-802; Rest.2d Torts, § 402 A, com. m; see also *Greenman* v. *Yuba Power Products, Inc.* (1963) 59 Cal.2d 57, 63 [27 Cal.Rptr. 697, 377 P.2d 897, 13 A.L.R.3d 1049]; *Seely* v. *White Motor Co.* (1965) 63 Cal.2d 9, 15-16 [45 Cal.Rptr. 17, 403 P.2d 145].)

In summary, appellant's claim for damages resulting from the poor 1971-1972 alfalfa crop allegedly caused by respondent's failure to

provide water that was fit for irrigation purposes is based solely on a promise inferred from the provisions of the lease; therefore, the action is contractual in nature and the one-year claims-filing period applies.

The judgment is reversed.

Brown (G. A.), P. J., and Thompson, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.