**H.B. FILMES, LTDA, a Brazilian corporation; et al., Plaintiffs–counter–defendants–Appellants,**

v.

**CBS, INC., a New York corporation;, Defendant–counter–claimant–Appellee,**

---

3. *See id.*

David Weisman, and Independent Cinema Restoration Archive, LLP, a Delaware limited liability company, Counter–defendant–Appellant.

H.B. Filmes, LTDA, a Brazilian corporation; et al., Plaintiffs–counter–defendants–Appellants,

v.

CBS, INC., a New York corporation, Defendant–counter–claimant–Appellee.

Nos. 02–56931, 02–57215.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2004.

Decided April 29, 2004.

Maxwell M. Blecher, Esq., Blecher & Collins, P.C., Los Angeles, CA, for Plaintiffs–counter–defendants–Appellants and Counter–defendant–Appellant.

Frederick F. Mumm, Esq., Davis Wright Tremaine LLP, Los Angeles, CA, for Defendant–counter–claimant–Appellee.

Before: B. FLETCHER, PREGERSON, and FERGUSON, Circuit Judges.

## MEMORANDUM *

Appellants H.B. Filmes, Ltda., and Essay Films International, S.A., (collectively "H.B.") contend that the District Court erred in granting Appellee CBS Broadcasting, Inc., ("CBS") summary judgment as to a number of H.B.'s claims relating to distribution of the film *Kiss of the Spider Woman* ("*Kiss*"). We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. Because the parties are familiar with the facts and procedural history, they are not recited here except as necessary to explain our analysis. We reverse the District Court's decision in part, affirm in part, and remand for further proceedings.

The decision to grant summary judgment is reviewed de novo. *U.S. Cellular Inv. Co. of Los Angeles, Inc. v. GTE Mobilenet, Inc.*, 281 F.3d 929, 933 (9th Cir. 2002). "The reviewing court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district

court correctly applied the relevant law." *Id.* at 933–34.

## 1. The Eleventh Claim for Breach of Contract

■ Although Cal.Civ.Proc.Code § 337 provides for a four-year statute of limitations on contract claims, a triable issue of fact exists as to whether the discovery rule should be applied to postpone accrual of the statute of limitations on H.B.'s eleventh claim for breach of contract.

Under California law, the discovery rule may postpone accrual of an applicable statute of limitations until a party "either (1) actually discovered his injury or (2) could have discovered injury and cause through the exercise of reasonable diligence." *April Enterprises, Inc. v. KTTV*, 147 Cal. App.3d 805, 826, 195 Cal.Rptr. 421 (1983). H.B. offers sufficient evidence to raise triable issues of fact as to whether H.B. did not know, and could not reasonably have known, of the packaging of *Kiss* with other titles and of the alleged undervaluing of the contribution of *Kiss* to package revenues.

CBS contends that H.B. should be prevented from bringing the question of its knowledge to trial because H.B. demonstrated that it had actual knowledge of its breach of contract claim. CBS says that this actual knowledge was revealed by documents created by H.B. in 1987 and 1988 containing claims similar to those alleged in the current litigation. However, those documents do not indicate whether H.B. was specifically aware that CBS was packaging *Kiss* with allegedly less valuable titles while attributing the same amount of profit to each title in the package; only the Complaint filed in the present litigation makes any such allegation. Consequently, we reverse the grant of summary judgment as to CBS's breach of contract claim.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## 2. The Twelfth Claim for Fraud

H.B.'s fraud claim is based on its allegation that the figures appearing in CBS's monthly participation statements did not accurately represent the revenues attributable to *Kiss*. CBS attacks H.B.'s fraud claim on several grounds, none of which are persuasive.

■ First, CBS contends that, on appeal, H.B. has switched its fraud theory from "fraudulent representations" to "fraudulent nondisclosure." Although a party that fails to raise a claim in the court below waives the issue on appeal, in this case both the "fraudulent representation" and "fraudulent nondisclosure" theories are essentially the same theory, stated differently. We find it inappropriate to dismiss H.B.'s fraud claim on this ground.

■ Next, CBS contends that H.B. cannot establish that CBS had a duty to disclose the fact that it was packaging *Kiss* with other, less-valuable titles. The California Court of Appeal has said that "[e]ven if a fiduciary relationship is not involved, a nondisclosure claim arises when the defendant makes representations but fails to disclose additional facts which materially qualify the facts disclosed, or which render the disclosure likely to mislead." *Roddenberry v. Roddenberry,* 44 Cal.App.4th 634, 666, 51 Cal.Rptr.2d 907 (1996). CBS contends that H.B. has not provided any evidence that CBS disclosed misleading facts, and asserts that the profit participation reports accurately reflected all revenue that was attributable to *Kiss*. However, it is this very point that is disputed by H.B., and H.B. offers enough evidence to create a triable issue of fact on the matter.

Finally, CBS contends that H.B.'s fraud theory concerns an alleged fraud in the performance of a contract, which, CBS says, is not actionable under California law. However, the case on which CBS relies for this proposition, *Astrium v. TRW,* 254 F.Supp.2d 1129 (C.D.Cal.2003), has a far more limited holding. In *Astrium,* the District Court was bound by a state court holding that "in actions arising from the sale or purchase of a defective product, a plaintiff seeking to recover in tort rather than in contract must be able to demonstrate that its economic losses were accompanied by either (1) physical damage ... or (2) bodily injury." *Id.* at 1135–36.

■ The case at hand does not arise "from the sale or purchase of a defective product," but instead from the alleged misrepresentation of revenues. It is thus factually more similar to *Roddenberry v. Roddenberry,* in which the plaintiff, Mrs. Roddenberry, was advised by letter that she was receiving the full percentage of profits to which she was entitled pursuant to a divorce settlement agreement, although she was in reality receiving a lesser share. 44 Cal.App.4th at 665, 51 Cal. Rptr.2d 907. The California Court of Appeals held that, at trial, Mrs. Roddenberry had been able to satisfy every element of fraud, including duty of disclosure. *Id.* at 666, 51 Cal.Rptr.2d 907. We conclude from this holding that H.B. likewise may be able to show that CBS had a duty of disclosure, and we reverse the grant of summary judgment as to CBS's fraud claim.

## 3. Claims Arising from CBS's Failure to Return Film Materials

The District Court granted CBS's summary judgment motion on H.B.'s ninth claim for conversion and tenth claim for breach of oral contract and breach of implied covenant, all of which arose from CBS's failure to return film materials. We affirm the grant of summary judgment on the tenth claim and reverse the grant of summary judgment on the ninth claim.

The contract between the parties makes no mention of an obligation for CBS to return film materials to H.B. Although H.B. contends that an oral or implied contract required CBS to return the materials, the language of the contract precludes these claims by explicitly "supersed[ing] any and all prior negotiations and communications hereto." This contract term is very similar to that presented in *Masterson v. Sine*, 68 Cal.2d 222, 225–26, 65 Cal.Rptr. 545, 436 P.2d 561 (1968), as an example of language creating a fully integrated contract.

H.B. also contends that CBS's return of the film materials was implied in the Letter Agreement. However, the conditions set forth in *Frankel v. Bd. of Dental Exam'rs*, 46 Cal.App.4th 534, 545–46, 54 Cal.Rptr.2d 128 (1996), have not been met.

Nonetheless, our affirmance of the grant of summary judgment as to H.B.'s breach of contract and breach of implied covenant claim does not preclude H.B.'s conversion claim. Where a plaintiff brings a tort complaint against a party to a contract and tort is in fact the essence of that complaint, "allegations in regard to the existence or breach of the contract" do not prevent courts from treating the complaint as a tort claim rather than as a breach of contract claim. *Nathan v. Locke*, 108 Cal. App. 158, 287 P. 550, 551 (Dist.Ct.App. 1930). The distinction is whether the cause of action arises from "breach of a promise set forth in a contract" or "breach of a duty growing out of the contract." *DeMirjian v. Ideal Heating Corp.*, 91 Cal. App.2d 905, 206 P.2d 20, 23 (Dist.Ct.App. 1949). In the first instance, the action is "ex contractu," ("arising from a contract"); in the second, the action is "ex delicto" ("arising from a tort"). *Id.* Based on the evidence offered by H.B., there is a triable question of material fact as to whether a "breach of a duty growing out of the con-

tract" may have occurred. We thus reverse the grant of summary judgment as to H.B.'s conversion claim.

### 4. The Fed.R.Civ.P. 56(f) Claim

The question of whether the District Court abused its discretion in rejecting H.B.'s Fed.R.Civ.P. 56(f) motion is mooted by our decision to reverse the grant of summary judgment as to H.B.'s ninth, eleventh, and twelfth claims and to affirm the grant of summary judgment as to H.B.'s tenth claim on the basis of the language on the face of the contract.

In conclusion, we reverse the grant of summary judgment as to H.B.'s ninth claim for conversion, eleventh claim for breach of contract, and twelfth claim for fraud. We affirm the grant of summary judgment as to H.B.'s tenth claim for breach of contract and breach of implied covenant. We remand to the District Court for proceedings consistent with this Memorandum Disposition.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**