NUREMBERG ACTIONS, David Hartsough, David Wylie, and Jean Bakewell, Plaintiffs,

v.

The COUNTY OF CONTRA COSTA; Contra Costa County Sheriff's Department; Contra Costa County Sheriff Richard K. Rainey, individually and in his official capacity; Captain Gary Ford, in his official capacity; Sheriff Sergeant Al Earle, individually and in his official capacity; Sheriff R. Dussel, individually and in his official capacity; Sheriff Daryl Mock, individually and in his official capacity; Sheriff Frank McLaughlin, individually and in his official capacity; and Does 1 through 20, Defendants.

No. C–88–1748 SAW.

United States District Court, N.D. California.

Oct. 31, 1988.

1112

Robert Mittelstaedt, Patricia Mayer, Pillsbury, Madison & Sutro, Edward Chen, ACLU, San Francisco, Cal., for plaintiffs.

Andrea Cassidy, Deputy County Counsel, Contra Costa County, Martinez, Cal., James Fitzgerald, Sellar, Hazard, Snyder, Kelly & Fitzgerald, Walnut Creek, Cal., for defendants.

ORDER

WEIGEL, District Judge.

Plaintiffs request leave to file a second amended complaint adding a prayer for injunctive relief to prevent defendants from continuing to use "pain holds" against protestors at the Concord Naval Weapons Station. Leave to amend a complaint shall be freely given "when justice so requires." Fed.R.Civ.Pro. 15(a); *United States v. City of Twin Falls, Idaho,* 806 F.2d 862, 875 (9th Cir.1986), *cert. denied,* — U.S. —, 107 S.Ct. 3185, 96 L.Ed.2d 674 (1987). This liberal amendment policy is designed to afford a plaintiff an "opportunity to test his claim on the merits." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Defendants' contentions that the control holds are legal, that the relief sought amounts to a "blanket injunction" and is vague and overbroad, and that plaintiffs have unclean hands may be raised in such a test on the merits, but are inappropriate considerations in determining whether plaintiffs may amend their complaint.

Defendants also assert that this Court has no jurisdiction to entertain plaintiffs'

claim for injunctive relief. Defendants argue that the issue is moot because the Sheriff's Department has not used the control holds on any peaceful demonstrators at the Naval Weapons Station for a "significant period of time." Defendants argue further that plaintiffs can not make out a case or controversy, as required by article III of the United States Constitution, because they are unable to show sufficiently a realistic threat of future harm.

■ Plaintiffs, however, have alleged both ongoing harm and a realistic threat of future harm. First, plaintiffs allege that they are continuing to demonstrate at the Naval Weapons Station, and that defendants have threatened to use the holds on plaintiffs and other demonstrators. The ongoing protests and confrontations between plaintiffs and defendants create a reasonable expectation that the plaintiffs will be subject to the same actions again. *Wiggins v. Rushen,* 760 F.2d 1009, 1011 (9th Cir.1985). Second, plaintiffs allege that defendants' actions and threats presently infringe upon their first amendment rights. Plaintiffs' motion to file a second amended complaint is therefore granted.[1]

■ Defendants move to dismiss plaintiff Nuremberg Actions' state law claims.[2] Defendants contend that Nuremberg Actions' failure to allege compliance with the claim presentation requirement under California Government Code sections 945.4 and 950.2 renders the state law claims deficient on their face. Plaintiff need not comply with these requirements in order to bring suit for declaratory or injunctive relief. Cal.Gov't Code § 814. Plaintiff's state law claims are therefore not deficient insofar as they seek injunctive or declaratory relief.

■ Nuremberg Actions is also seeking compensatory and punitive damages on the

---

**1.** These facts are clearly distinguishable from *Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983), where the respondent could not show that he was likely to be stopped again for a traffic violation or other offense and illegally choked, and could not allege any continuing harm.

**2.** Plaintiff Nuremberg Action alleges state law claims of excessive force in violation of the California constitution (4th and 5th Claims for relief), deprivation of rights to free speech in violation of the California constitution (6th claim for relief) and negligence (9th claim for relief).

basis of these state law claims. California law clearly requires that a claim for damages from a public entity must first have been presented and rejected in accordance with the claim procedure. Plaintiff's proffered exceptions to this rule are unpersuasive. First, claims filed by the individual plaintiffs did not encompass Nuremberg Actions' claim for damages and therefore did not alert the County as to potential liability to Nuremberg Actions. Second, plaintiff has not shown that presentation of the claim would have been futile. Third, the fact that the claim is founded directly on the California Constitution does not excuse plaintiff from compliance with the claims statute. *See e.g. San Jose v. Superior Court,* 12 Cal.3d 447, 455, 115 Cal. Rptr. 797, 525 P.2d 701 (1974).

Plaintiff asserts finally that it can still comply with the claims statute by presenting the claim to the County within one year of the accrual of the cause of action. This longer filing period under California Government Code § 911.2, was "intended to cover claims arising out of contract and claims for injuries to real property." *Voth v. Wasco Public Utility District,* 56 Cal.App.3d 353, 128 Cal.Rptr. 608 (1976). A 100 day limit (now amended to 6 months) is set out for injury to person or personal property. Plaintiff's claim falls within the shorter time period. Accordingly,

IT IS HEREBY ORDERED that

(1) plaintiffs' motion to file a seconded amended complaint is granted; and

(2) plaintiff Nuremberg Actions' prayer for damages based on violations of the California constitution (4th, 5th and 6th claim for relief) and negligence (9th claim for relief) is struck.