**Weldon WIGGINS, Plaintiff-Appellee,**

v.

**Ruth RUSHEN, Director of the California Department of Corrections, Main Classification Committee at Soledad; et al., Defendants-Appellants.**

**No. 83–1719.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 1984.

Decided May 17, 1985.

Fletcher, Circuit Judge, filed a dissenting opinion.

Patricia Stern Green, San Francisco, Cal., for plaintiff-appellee.

Richard G. Tullis, Dist. Atty. Gen., San Francisco, Cal., for defendants-appellants.

Before WALLACE, KENNEDY, and FLETCHER, Circuit Judges.

KENNEDY, Circuit Judge:

Weldon Wiggins, acting pro se, brought an action under 42 U.S.C. § 1983 against Rushen, Director of the California Department of Corrections, claiming that access to the law library at the California Training Facility at Soledad (Soledad) for those held in maximum security was constitutionally inadequate. The district court issued a mandatory injunction governing access to legal materials for maximum security inmates and awarded Wiggins nominal damages of $250.00. On appeal the Director argues that: (1) the district court's denial of Rushen's motion to dismiss for mootness was erroneous; (2) the district court's order governing access to legal materials constitutes an unwarranted intervention in the prison's administration; and (3) the award of damages is excessive.

Wiggins was a maximum security inmate at Soledad in February 1982 when he filed this section 1983 suit. On April 26, 1982, while the case was pending, Wiggins was transferred from Soledad to another facility, the Deuel Vocational Institution. At an evidentiary hearing on August 27, 1982, the district court denied the Director's motion to dismiss for mootness and ruled that Wiggins could maintain the action on behalf of other inmates at Soledad. In Interim Order No. 1, issued following the hearing, the district court again rejected the Director's contention that Wiggins' transfer to Deuel rendered moot his request for affirmative relief. Although the record is not perfectly clear, it appears the district court based these rulings upon its determination that Wiggins' claim was "capable of repetition, yet evading review." On January 19, 1983, after reviewing the prison's existing and proposed plans for providing maximum security prisoners with access to legal materials, the district court issued the remedial order from which the Director appeals.

We have jurisdiction under 28 U.S.C. § 1291. We conclude the case was moot as to Wiggins, and that it was error to proceed with the action as a class suit without appropriate certification.

Wiggins contends that he was entitled to maintain the suit for injunctive relief in the absence of class certification. He asserts that his claim is "capable of repetition, yet evading review," an exception to the mootness doctrine. *Roe v. Wade*, 410 U.S. 113, 125, 93 S.Ct. 705, 713, 35 L.Ed.2d 147, *reh'g denied*, 410 U.S. 959, 93 S.Ct. 1409, 35 L.Ed.2d 694 (1973); *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911). The capable of repetition, yet evading review exception to the mootness doctrine is limited to extraordinary cases where two elements combine: (1) the challenged action is of limited duration, too short to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again. *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975) (per curiam); *Enrico's, Inc. v. Rice*, 730 F.2d 1250, 1254 (9th Cir.1984).

Wiggins maintains that the possibility of his retransfer to the maximum security unit at Soledad is sufficient to invoke the exception to the mootness rule. The district court made no finding on the likelihood of Wiggins' retransfer to Soledad. Wiggins is presently at a county jail, awaiting trial on charges brought against him while he was on parole. The possibility that he will be convicted and again sent to the maximum security unit at Soledad is too speculative to rise to the level of reasonable expectation or demonstrated probability, and as such cannot be the basis for a finding that the case continues to present a justicable question. *See Weinstein*, 423 U.S. at 149, 96 S.Ct. at 348. *See also Murphy v. Hunt*, 455 U.S. 478, 482–83, 102 S.Ct. 1181, 1183–84, 71 L.Ed.2d 353 (1982) (per curiam); *Brady v. Smith*, 656 F.2d 466, 468 (9th Cir.1981).

Wiggins' claim of inadequate access to legal materials is not one that will evade review. First, the claim was reviewed as part of his suit for damages. *City of Los Angeles v. Lyons*, 461 U.S. 95, 109, 103 S.Ct. 1660, 1669, 75 L.Ed.2d 675 (1983).

Second, other prisoners housed at the maximum security unit at Soledad may assert the same claim raised by Wiggins. If they do, it is probable they will have sufficient time to litigate the adequacy of access to legal materials. This case neither challenges a court order which, by its own terms, expires in a few days nor raises questions which are mooted by the termination of a nonjudicial activity that is of short duration. *Cf. Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 546–47, 96 S.Ct. 2791, 2796–97, 49 L.Ed.2d 683 (1976) (pretrial publicity order expired once jury impaneled); *Roe v. Wade*, 410 U.S. 113, 125, 93 S.Ct. 705, 712, 35 L.Ed.2d 147 (1973) (human gestation period too short to allow completion of appellate procedure); *Trans International Airlines, Inc. v. International Brotherhood of Teamsters*, 650 F.2d 949, 956 n. 5 (9th Cir.1980) (great majority of economic strikes do not last long enough for complete judicial review) *cert. denied*, 449 U.S. 1110, 101 S.Ct. 918, 66 L.Ed.2d 839 (1981); *Withers v. Levine*, 615 F.2d 158, 161 (4th Cir.) (sixty to ninety day housing for newly arriving prisoners too short to allow full review), *cert. denied*, 449 U.S. 849, 101 S.Ct. 136, 66 L.Ed.2d 59 (1980); *Bursey v. United States*, 466 F.2d 1059, 1088–89 (9th Cir.1972) (contempt order for refusal to testify before grand jury).

In summary, the question before us is not necessarily confined to suits of limited duration, and there is no reasonable expectation that the complaining party will again suffer the injury. In these circumstances, where the complainant was no longer subject to the allegedly illegal activity, the complaint for an injunction became moot.

Even if Wiggins' transfer to Deuel prevented him from receiving injunctive relief, his claim for damages survived. *Wilson v. State of Nevada*, 666 F.2d 378, 380–81 (9th Cir.1982); *see Powell v. McCormack*, 395 U.S. 486, 498–500, 89 S.Ct. 1944, 1951–52, 23 L.Ed.2d 491 (1969) (claim for declaratory relief survived mootness of another claim). The district court awarded Wiggins $250.00 in nominal damages because it concluded that while Wiggins' con-

stitutional right of access to the courts by having the use of legal materials had been violated, Wiggins had failed to prove damages. The state has not appealed the determination that it is liable for nominal damages. It does challenge the amount of the award, however, and its contention is well-taken. Nominal damages should not exceed $1.00. *Carey v. Piphus,* 435 U.S. 247, 267, 98 S.Ct. 1042, 1054, 55 L.Ed.2d 252 (1978). *See also Kincaid v. Rusk,* 670 F.2d 737, 746 (7th Cir.1982); *United States ex rel. Tyrrell v. Speaker,* 535 F.2d 823, 830 (3d Cir.1976).

The judgment is vacated and the case is remanded for further proceedings consistent with this opinion.

FLETCHER, Circuit Judge, dissenting:

I respectfully dissent. I would remand to the district court for further fact-finding to determine whether the injunction aspect of this case is moot. The district court, as the majority acknowledges, determined that Wiggins's claim was not moot because it was "capable of repetition, yet evad[ed] review." The majority reverses on the basis that the possibility of conviction and return to maximum security at Soledad are too speculative, but in reaching this conclusion, the majority, itself, speculates about factual questions that simply are not resolved on the record before us. Yet, the majority is unwilling to remand to enable the district court to make findings that might remove the uncertainty.

Wiggins is in county jail awaiting trial on charges brought against him while on parole. We need the district court's findings to enable us to assess the likelihood that Wiggins may be reincarcerated in the California state prisons and returned to Soledad. The district court expressed concern that Wiggins's transfer from maximum security and from Soledad perhaps was in response to Wiggins's litigation. We need the district court's findings on this point also.

Our court has in the past recognized the factual nature of the "capable of repetition, yet evading review" test and has remanded under circumstances similar to those before us. *See Chinese for Affirmative Action v. Lequennec,* 580 F.2d 1006 (9th Cir.1978), *cert. denied,* 439 U.S. 1129, 99 S.Ct. 1047, 59 L.Ed.2d 90 (1979). In that case, we stated:

> This action might indeed be considered moot if subsequent events have made it clear that the alleged violations could not reasonably be expected to recur. But the record before us sheds no light on the problem, and the [defendant's] own statement of mootness cannot support an affirmance on that ground.... [The issue presented] is, or may be, a live, justiciable controversy "capable of repetition, yet evading review". Only a trial court can answer the relevant questions.

*Id.* at 1009 (citations omitted).

The "capable of repetition" prong of the mootness test could be satisfied by a showing that Wiggins is again in state custody and that transfer to Soledad and confinement in a maximum security facility is a reasonable expectation. In *Vitek v. Jones,* 445 U.S. 480, 486–87, 100 S.Ct. 1254, 1260, 63 L.Ed.2d 552 (1980), the plaintiff challenged the state's procedures for involuntary transfers of prisoners to mental hospitals. After filing the action, the plaintiff was released and later reincarcerated in prison for violating his parole. The district court found that the plaintiff could again be transferred to a mental hospital. Based on this, the Supreme Court held the case was not moot, stating, "[I]t is not 'absolutely clear,' absent the injunction, 'that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Id.* at 487, 100 S.Ct. at 1260 (quoting *United States v. Concentrated Phosphate Export Association, Inc.,* 393 U.S. 199, 203, 89 S.Ct. 361, 364, 21 L.Ed.2d 344 (1968)).

Similarly, in *Withers v. Levine,* 615 F.2d 158, 161 (4th Cir.), *cert. denied,* 449 U.S. 849, 101 S.Ct. 136, 66 L.Ed.2d 59 (1980), the court held that a prisoner's challenge, alleging inadequate prison procedures to protect against sexual assaults, was capable of repetition despite the fact that the

plaintiff had been transferred to another institution. The court said:

> [The plaintiff] is still in Maryland's prison system, and, since he had been previously considered appropriate for minimum custody housing, he again may be transferred to [the prison where he originally was incarcerated].

*Id.* at 161; *see also Hardwick v. Brinson,* 523 F.2d 798, 800 (5th Cir.1975) (prisoner, alleging prison mail censorship, allowed to continue action despite transfer to another prison because state officials "were unable to advise that appellant would not be returned to the Reidsville Prison").

As to the "evading review" prong of the test, I share the concern expressed in the district court's observation that it is "too convenient to transfer a prisoner out of an institution when he files a complaint, and render it moot." The length of confinement in the maximum security unit at Soledad is within the discretion of prison officials. Thus, such confinement is of limited duration as to any prisoner, and any claim such as Wiggins's brought by a maximum security prisoner may evade review. A case should not be rendered moot simply by virtue of a state defendant's control over a plaintiff's status. *Cf. Sibron v. New York,* 392 U.S. 40, 53, 88 S.Ct. 1889, 1897, 20 L.Ed.2d 917 (1968) (criminal defendant, challenging state stop and frisk law, had served his sentence prior to appeal being heard; state statute prohibited him from seeking bail pending appeal; Court stated: "[A] State may not effectively deny a convict access to its appellate courts until he has been released and then argue that his case has been mooted by his failure to do what it alone prevented him from doing." (footnote omitted)).

In the damage aspect of the case, the state, by declining to contest on appeal the unconstitutionality of the library access, nicely avoids review of everything except the allowable amount of nominal damages. The majority, by refusing to remand for findings of fact, nicely avoids review of the mootness issue.

I would remand to allow the district court to make a proper record.