996 F.2d 1225
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Timothy H. JOHNSON, Plaintiff-Appellant,
v.
Vincent G. SWINNEY, et al., Defendant-Appellee.
 No. 92-15601.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided June 28, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Timothy H. Johnson, a Nevada state prisoner, appeals pro se the district court's (1) award of nominal damages in the amount of $1.00 following partial summary judgment in favor of Johnson on his due process claim; (2) partial summary judgment in favor of the defendants on the defendants' counterclaim against Johnson for property damage; and (3) partial summary judgment for the defendants on Johnson's conditions-of-confinement and access-to-the-courts claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Standard of Review
 
 
 4
 We review de novo a grant of summary judgment, viewing the evidence in the light most favorable to the non-moving party. Kruso v. International Tel. & Tel. Corp, 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990).
 
 II
 Background
 
 5
 In 1986, Johnson was arrested and placed in Washoe County Detention Annex. On September 30, 1986, he escaped from that facility by climbing two chain-link fences, crushing the razor wire atop the fences and fleeing on foot. Johnson was captured the next day and taken to the Washoe County jail. On October 1, 1986, the defendants moved Johnson into segregation, where he remained until October 6, 1986.
 
 
 6
 Johnson filed this action pursuant to 42 U.S.C. § 1983, asserting that the defendants violated his right to due process by placing him in punitive segregation without providing him with proper notice and a hearing. He also alleged a fourteenth amendment violation arising from the conditions of his confinement while he was in segregation, and an access-to-the-courts claim based on the jail's failure to provide him with access to a law library during his incarceration. The defendants filed a counterclaim against Johnson for the damage he caused to the facility's fence and razor wire during his escape.
 
 II
 Merits
 A. Nominal Damages
 
 7
 Johnson contends that the district court erred by awarding him only $1.00 in nominal damages after finding that the defendants failed to provide him with sufficient notice and a proper hearing in connection with his placement in segregation.
 
 
 8
 "Because the right to procedural due process is 'absolute' in the sense that it does not depend upon the merits of a claimant's substantive assertions, and because of the importance to organized society that procedural due process be observed ... the denial of procedural due process should be actionable for nominal damages without proof of actual injury." Carey v. Piphus, 435 U.S. 247, 266 (1978). Thus "[a] procedural due process claim is decided independently of the merits of the substantive claim." Raditch v. United States, 929 F.2d 478, 481 n. 5 (9th Cir.1991).
 
 
 9
 Unlike nominal damages, compensatory damages require a showing of actual injury. See id. Thus, in a section 1983 case, "a plaintiff can recover compensatory damages for a proven due process violation only if the deprivation [that is the basis of his substantive claim] was unjustified." Raditch, 929 F.2d at 481. If a subsequent hearing reveals, however, "that the deprivation was justified, a plaintiff can recover only nominal damages for the due process violation." Id. (citing Carey v. Piphus, 435 U.S. 247, 266-67 (1978)). An award of nominal damages should not exceed $1.00. Wiggins v. Rushen, 760 F.2d 1009, 1012 (9th Cir.1985).
 
 
 10
 Here, it is undisputed that the defendants' failure to provide Johnson with notice and a hearing violated Johnson's right to procedural due process.[1] Nevertheless, even though Johnson was denied procedural due process in connection with his placement in segregation, he was not entitled to compensatory damages because there was no showing of a substantive violation. Because Johnson admitted that he escaped from the detention facility, the district court correctly found that the defendants action of placing Johnson in segregation was justified. Under these circumstances, the district court did not err by awarding Johnson only $1.00 in nominal damages. See Raditch, 929 F.2d at 481; Wiggins, 760 F.2d at 1012.
 
 B. Conditions of Confinement
 
 11
 Johnson contends that summary judgment was improper on his conditions-of-confinement claim because jail officials subjected him to cruel and unusual treatment while he was segregated.
 
 
 12
 Because Johnson was a pretrial detainee and not a convicted prisoner at the time of his incarceration at the detention facility, his section 1983 conditions-of-confinement claim arises under the due process clause of the fourteenth amendment and not the eighth amendment prohibition against cruel and unusual punishment. See Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986). Nevertheless, "[a]lthough [Johnson's] claim arises under the due process clause, the eighth amendment guarantees provide a minimum standard of care for determining [Johnson's] right as a pretrial detainee." Id.
 
 
 13
 Prisoners objecting to conditions of confinement are required to satisfy both an objective and subjective component to the claim. Hudson v. McMillian, 112 S.Ct. 995, 1000 (1992). Under the subjective component, a prisoner must demonstrate that prison officials were deliberately indifferent to the allegedly unconstitutional prison conditions. Wilson v. Seiter, 111 S.Ct. 2321, 2326-27 (1991) The objective component of an eighth amendment claim is "contextual." Hudson, 112 S.Ct. at 1000. Thus, in Wilson v. Seiter, the Supreme Court held that:
 
 
 14
 Some conditions of confinement may establish an eighth amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise--for example, a low cell temperature at night combined with a failure to issue blankets.
 
 
 15
 111 S.Ct. at 2327. Under this "contextual" approach, however, conditions that might be deemed cruel and unusual if they were permanent features of a prisoner's life may not offend the Constitution if they are imposed only temporarily. "A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months." Hutto v. Finney, 437 U.S. 678, 686-87 (1978).[2]
 
 
 16
 Here, Johnson contends that, while segregated, he was denied a blanket, sheets, soap, toothbrush and toothpaste, made to sleep on a mattress on the floor, denied visits from his family, and only allowed out for his cell for 20 to 30 minutes a day. He states that as a result of "being made to sleep on a dirty floor in a room that was cold and drafty without any sheets or blankets," he caught a cold which caused him physical and mental suffering. The defendants have submitted the affidavit of the facility's deputy sheriff which states that during the year that Johnson was incarcerated, prisoners were routinely given blankets, sheets, and hygienic items.
 
 
 17
 Even based on Johnson's version of the facts, we find no constitutional violation in Johnson's allegations that he was denied hygienic amenities or visitation rights for a five-day period. See Hutto, 437 U.S. at 585-87. Johnson's allegation that he was denied a blanket during this time, however, is more troubling. Because a prison's failure to issue blankets combined with low cell temperature could establish an eighth amendment violation, we find that Johnson's claim raised a genuine issue of fact, and that the district court erred by granting summary judgment for the defendants on this issue. See Wilson, 111 S.Ct. at 2327.[3]
 
 C. Access to the Courts
 
 18
 Johnson contends that the district court erred by granting summary judgment in favor of the defendants on Johnson's access-to-the-court claim. This contention lacks merit.
 
 
 19
 Indigent inmates have a constitutional right to meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 832 (1977). This same right is guaranteed to pre-trial detainees. See Leed v. Watson, 630 F.2d 674, 676-77 (9th Cir.1980). Meaningful access requires prison authorities to provide "adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828. The state has the option of deciding whether to provide legal assistance or access to a law library. See Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir.1981). "Availability of legal assistance at government expense ... is a constitutionally permissible means of access." United States v. Wilson, 690 F.2d 1267, 1271 (9th Cir.1982), cert. denied, 464 U.S. 867 (1983). When an inmate is provided adequate access, he or she may not reject the method of access provided and insist on a method of access of his or her choosing. Id.
 
 
 20
 Here, although the Washoe County jail did not provide Johnson with access to a law library, Johnson received the legal assistance of a court-appointed attorney. Johnson alleges, however, that this assistance was inadequate because his counsel was ineffective. He states that since his incarceration at the jail, he has filed both a habeas and civil proceedings that address his counsel's ineffectiveness. There is no evidence in the record, however, that Johnson's counsel was ineffective, or that Johnson did not receive adequate access to the courts. Johnson's mere allegation of ineffective assistance of counsel, without more, is insufficient to withstand the defendants' summary judgment motion. Accordingly, the district court properly granted summary judgment on Johnson's access to the courts claim. See Wilson, 690 F.2d at 1271.
 
 
 21
 D. Counterclaim.
 
 
 22
 Johnson contends that the district court lacked jurisdiction over the defendants' counterclaim for property damage because the claim was permissive rather than compulsory and therefore should not have been considered. This contention lacks merit.
 
 
 23
 Fed.R.Civ.P. 13(a) requires that a compulsory counterclaim "arise [__] out of the transaction or occurrence that is the subject matter of the opposing party's claim." We apply the "logical relationship" test to determine whether two claims arise out of the same transaction or occurrence." Pochiro v. Prudential Ins. Co. of America, 827 F.2d 1246, 1249 (9th Cir.1987) " 'This flexible approach to Rule 13 problems attempts to analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.' " Id. (quoting Harris v. Steinem, 571 F.2d 119, 123 (2d Cir.1978)); see also Albright v. Gates, 362 F.2d 928, 929 (9th Cir.1966) (noting that we have given Rule 13 an "increasingly liberal construction").
 
 
 24
 Here, the district court found that the defendants' counterclaim for property damage resulting from Johnson's escape arose out of the same transaction or occurrence as Johnson's claim of improper segregation. Given the circumstances of the case, we agree. As the magistrate judge noted, "the claims alleged in the original complaint and the counterclaim arose from a continuous series of events" and thus, in the interests of judicial economy, should be considered together. Accordingly, the district court did not abuse its discretion by permitting the defendants to assert their counterclaim in this action. See Pochiro, 827 F.2d at 1249.
 
 E. Procedural Rulings
 
 25
 Johnson also contends that the district court erred by (1) refusing to allow him more time for discovery prior to granting summary judgment; and (2) denying his motion for sanctions against the defendants for their failure to properly respond to Johnson's interrogatories. These contentions lacks merit.
 
 1. Discovery
 
 26
 We review the district court's denial of a request for additional discovery prior to a grant of summary judgment for abuse of discretion. Harris v. Duty Free Shoppers Ltd. Partnership, 940 F.2d 1272, 1276 (9th Cir.1991). Before summary judgment is granted against a party, that party must have sufficient time for discovery to develop facts essential to justify opposition to the motion. Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan, 662 F.2d 641, 645 (9th Cir.1981) (citing Fed.R.Civ.P. 56), cert. denied, 469 U.S. 1229 (1985).
 
 
 27
 In this case, Johnson stated that he needed additional time to complete discovery on the claims in his amended complaint. Johnson had, however, already engaged in a substantial discovery process prior to filing his amended complaint. Accordingly, given the evidence already in the record, the district court did not abuse its discretion by refusing to allow additional time for discovery before ruling on the summary judgment motions. See Harris, 940 F.2d at 1276.
 
 2. Sanctions
 
 28
 The denial of a motion for sanctions under Fed.R.Civ.P. 37 is reviewed for an abuse of discretion. Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1337 (9th Cir.1985). Here, Johnson alleged that the defendants should have been sanctioned for their refusal to fully answer all interrogatories. The defendants objected to many of the interrogatory requests by claiming the information was "irrelevant and not reasonably calculated to lead to the discovery of admissable evidence." The court, in reviewing each interrogatories, found the objections valid. Given the nature of the questions, and Johnson's failure to present any arguments as to why the defendants' objections were inadequate, we find no abuse of discretion in the district court's denial of Johnson's motion for sanctions. See Fjelstad, 762 F.2d at 1337.
 
 
 29
 AFFIRMED in part, REVERSED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, the defendants do not contest this finding
 
 
 [2]
 Wilson v. Seiter, rejected a "short-term/long-term distinction" in evaluating eighth amendment claims. 111 S.Ct. at 2325. Here, however, length of stay would be a determinative factor in finding whether the deprivations were "sufficiently serious" to amount to a constitutional violation
 
 
 [3]
 Johnson also contends that the defendants intentionally violated his constitutional rights because as a pre-trial detainee, he should not have been subjected to punishment. This contention lacks merit. See Redman v. San Diego, 942 F.2d 1435, 1440 (9th Cir.1991) ("officials must be free to take appropriate action to ensure the safety of inmates and corrections personnel and to prevent escape and unauthorized entry" of pre-trial detainees), cert. denied, 112 S.Ct. 972 (1992)