15 F.3d 1089
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ismail SLOAN, Plaintiff-Appellant,
v.
Sheriff Michael HENNESSEY, et al., Defendant-Appellee.
 No. 93-15536.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1993.*
Decided Dec. 29, 1993.
 
 Before: KILKENNY, SNEED and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 While in custody in San Francisco city jail pending extradition to Virginia, Ismail Sloan petitioned for a writ of habeas corpus and a stay of the extradition Order pending the resolution of his habeas claim. Finding that Sloan did not properly allege facts sufficient to allow the district court to examine the extradition claim, the district court dismissed Sloan's petition on October 13, 1992. The court, however, gave Sloan "leave to amend to state a challenge to the extradition, if appropriate, within this Court's limited scope of review." In the meantime Sloan was extradited to Virginia. On November 18, 1992, the district court dismissed Sloan's petition as moot because he had been extradited.
 
 
 3
 Sloan appeals that November 18, 1992 Order. Sloan asserts that, despite the fact that he has been extradited to Virginia, his habeas petition is not moot because his situation is capable of repetition yet evading review.
 
 
 4
 A case is capable of repetition yet evading review if (1) the challenged action is too short in duration to be fully litigated prior to its expiration, and (2) there is a reasonable expectation or demonstrated probability that the same complaining party would be subjected to the same action again. Murphy v. Hunt, 455 U.S. 478, 482 (1982); Weinstein v. Bradford, 423 U.S. 147, 149 (1975).
 
 
 5
 Even if the time between the issuance of Sloan's extradition Order and his actual extradition was too short in which to fully litigate his challenge, the facts in this case do not present a situation where Sloan could reasonably expect to be subjected to another extradition Order. Therefore, the second element of the test is not satisfied. It is not sufficient that other inmates could, in the future, face the same situation that Sloan faced. Sloan himself must reasonably expect to be subjected to the same situation again. See Wiggins v. Rushen, 760 F.2d 1009, 1011 (9th Cir.1985) (possibility that inmate who was transferred out of a prison would be sent there again was so remote that his Sec. 1983 claim was moot); Danzy v. Johnson, 417 F.Supp. 426, 432 (E.D.Pa.1976) (it was insufficient to overcome mootness issue for the plaintiff to argue that there was a possibility of future wrongful transfer of other individuals), aff'd, 582 F.2d 1273 (3rd Cir.1978). See also Coverdell v. Dept. of Social & Health Svcs., 834 F.2d 758, 766-67 (9th Cir.1987); Funbus Sys. Inc. v. Calif. Public Utilities Comm., 801 F.2d 1120, 1131 (9th Cir.1986); Sample v. Johnson, 771 F.2d 1335, 1340 (9th Cir.1985), cert. denied, 475 U.S. 1019 (1986).
 
 
 6
 Therefore, we find that this is not a situation capable of repetition yet evading review and we affirm the district court's November 18, 1992 Order dismissing Sloan's extradition challenge as moot.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3