116 F.3d 485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark Steven PRICE, Plaintiff-Appellant,
v.
Joseph M. ARPAIO, Sheriff; Donald W. Moose, Captain,
Facility Commander, MCSO; Frank R. Waelde,
Captain, MCSO; Jeffrey Strable,
Sergeant, Shift Supervisor,
MCSO, Defendants-Appellees.
 No. 96-16724.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997.**
Decided June 9, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-94-01596-BGS; Barry G. Silverman, Magistrate Judge, Presiding.
 Before: NORRIS, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mark Price, an Arizona state prisoner, appeals pro se the district court's grant of summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging unconstitutional conditions of confinement at the Maricopa County Jail. The district court determined that Price's action for injunctive and declaratory relief was moot because Price is no longer housed at the jail. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 A. Standard of Review
 
 3
 We review the district court's grant of summary judgment de novo. See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). Mootness is a question of law that we review de novo. See Native Village of Noatak v. Blatchford, 38 F.3d 1505, 1509 (9th Cir.1994). We review the district court's denial of a request for appointment of counsel and a request for class certification for an abuse of discretion. See Nelsen v. King County, 895 F.2d 1248, 1249 (9th Cir.1990) (class certification); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986) (appointment of counsel).
 
 B. Mootness
 
 4
 Price brought this action seeking declaratory and injunctive relief for alleged unconstitutional conditions of confinement at the Maricopa County Jail. However, Price is no longer housed at the jail. Shortly after filing his complaint, Price was sentenced to the Arizona Department of Corrections and is currently an inmate at the Arizona State Prison. Because he is no longer housed at the jail, his claims for injunctive and declaratory relief are moot. See Dillev v. Gunn, 64 F.3d 1365, 1368 (9th Cir.1995) (stating that an inmate's transfer from an institution while his claims are pending will generally moot any claims for injunctive relief relating to the prison's policies).
 
 
 5
 Price contends that his case is not moot because it is "capable of repetition, yet evading review." See id. We reject this contention because Price has not demonstrated a reasonable expectation that he will be transferred back to the Maricopa County Jail. See id. (stating that an inmate who argues that his case is "capable of repetition, yet evading review" must establish a reasonable expectation that the injury will occur again). Price's assertion that he might be transferred back to the jail for the purpose of taking depositions or attending trial in the numerous actions he has filed in state and federal court is too speculative to prevent mootness. See id. at 1369 (stating that plaintiff's claim that he might be transferred back to maximum security institution due to security reclassification is "too speculative" to prevent mootness); Wiggins v. Rushen, 760 F.2d 1009, 1011 (9th Cir.1985) (stating that "[t]he possibility that he will be convicted [of pending charges] and again sent to the maximum security unit at Soledad is too speculative to rise to the level of reasonable expectation or demonstrated possibility"); cf. Doe v. Gallinot, 657 F.2d 1017, 1021 n. 6 (9th Cir.1981) (stating that claim not mooted where plaintiff had been returned to confinement six times after initiation of suit).[1]
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We affirm the district court's denial of Price's requests for appointment of counsel and class certification. See Nelsen, 895 F.2d at 1249; Wilborn, 789 F.2d at 1331. We address in a separate order Price's request that we issue an order to show cause why, pursuant to Fed. R.App. P. 46(c), we should not take appropriate disciplinary action against defendants' attorney for misrepresenting to this court that Price raised for the first time on appeal his argument that his case is capable of repetition, yet evading review