127 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeffrey D. PECK, Plaintiff-Appellant,
v.
STATE of Idaho, Defendant-Appellee.
 No. 96-36091.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997**
Decided Oct. 24, 1997.
 
 Appeal from the United States District Court for the District of Idaho Edward J. Lodge, Chief District Judge, Presiding
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jeffrey D. Peck, an Idaho state prisoner, appeals pro se the district court's summary judgment, for the State of Idaho in Peck's 42 U.S.C. § 1983 action alleging that prison officials were deliberately indifferent to his medical needs because they failed to provide him with a medically prescribed gluten-free diet. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and we affirm.
 
 
 3
 Peck brought this action seeking an injunction requiring that the defendants provide him with gluten-free warm meals. At the hearing on defendant's motion for summary judgment, Peck acknowledged that defendant had instituted a new procedure to ensure he would receive the required diet and that defendant was complying with and monitoring his meal plan. The district court determined that Peck's action for injunctive relief was moot.
 
 
 4
 We agree with the district court that Peck's action is moot. See Wiggins v. Rushen, 760 F.2d 1009, 1011 (9th Cir.1985) (noting that "where the complainant was no longer subject to the allegedly illegal activity, the complaint for an injunction became moot").[1]
 
 
 5
 Peck's contention that he requested both damages and injunctive relief is wholly without merit. His complaint clearly requests only injunctive relief. Because he did not request damages in the district court, we will not consider this on appeal. See United States v. Robertson, 52 F.3d 789, 791 (9th Cir.1595).
 
 
 6
 Because we agree with the district court that Peck's action is moot, we need not reach his other contentions.
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, we deny Peck's motion for an extension of time to file a motion requesting oral argument
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 WE agree with the district court that, in the event prison officials fail to comply with the new procedures, Peck may "file a grievance and/or a new lawsuit."
 
 
 [2]
 Because of the disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal