NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 29 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAMON SAUL SILVA, | No. 21-35937 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00619-RAJ |
| v. | |
| TROY BACON, Captain, King County Correctional Facility; GARRETT FERREIRO, Sergeant, King County Correctional Facility; DALE PORTER, Officer, King County Correctional Facility; TODD CLARIN, Officer, King County Correctional Facility, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted June 15, 2022[**]

Before:    SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Washington state prisoner Ramon Saul Silva appeals pro se from the district

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

court's summary judgment in his action brought under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Silva's First Amendment claim for damages because Silva failed to raise a genuine dispute of material fact as to whether defendant Bacon substantially burdened the exercise of Silva's religious beliefs. *See Jones v. Williams*, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (elements of a § 1983 free exercise claim); *see also Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (when alleging that prison regulations violate a plaintiff's First Amendment rights, the burden "is not on the State to prove the validity of prison regulations but on the prisoner to disprove it[]").

The district court properly denied Silva's requested injunctive relief as moot because Silva failed to show a reasonable expectation of reincarceration at the King County Correctional Facility. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (applicability of the "capable of repetition yet evading review" exception to the mootness doctrine); *see also Wiggins v. Rushen*, 760 F.2d 1009, 1011 (9th Cir. 1985) (possibility of reincarceration at certain facility too speculative to trigger "capable of repetition yet evading review" exception).

**AFFIRMED.**