NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 17 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAROLD EDWARDS, | No. 22-16738 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01634-GMN-DJA |
| v. | |
| WILLIAM HUTCHINGS, Warden, SDCC; CHARLES DANIELS, Director, NDOC, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted March 5, 2025
Las Vegas, Nevada

Before: RAWLINSON, MILLER, and DESAI, Circuit Judges.
Dissent by Judge DESAI.

Harold Edwards, a state inmate, sued two Nevada prison officials under 42

U.S.C. § 1983, alleging that the officials violated his rights under the Eighth

Amendment by housing him in a prison cell that lacked a fire suppression system.

He sought damages, injunctive relief, and declaratory relief. The district court

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

granted summary judgment to the defendants, and Edwards appeals. We have appellate jurisdiction under 28 U.S.C. § 1291. But we conclude that we lack Article III jurisdiction because Edwards does not have standing to sue for damages, and his claims for injunctive and declaratory relief are moot. We therefore vacate the district court's decision and remand with instructions to dismiss for lack of jurisdiction.

1. To have Article III standing to sue for damages—whether nominal, compensatory, or punitive—a plaintiff must demonstrate that he has been "concretely harmed" by the defendant's alleged violation. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) (emphasis omitted). Edwards contends that he suffered a concrete harm when he was exposed to a risk of harm by fire in his cell at the Southern Desert Correctional Center (SDCC). In Edwards's view, exposure to the risk of harm by fire is concrete because it constitutes a completed constitutional violation. *See Helling v. McKinney*, 509 U.S. 25, 33 (1993) ("[T]he Eighth Amendment protects against future harm to inmates."); *TransUnion*, 594 U.S. at 425 (explaining that intangible harms "specified by the Constitution itself" can be concrete).

Although the risk of future harm may be sufficiently concrete to support injunctive or declaratory relief, *see, e.g.*, *Helling*, 509 U.S. at 32–33, past exposure to a risk, by itself, is not a concrete injury that can give rise to a justiciable

2

controversy, *see TransUnion*, 594 U.S. at 437 (concluding that certain plaintiffs lacked standing to sue for damages because they "did not demonstrate that the risk of future harm materialized"). As the Court observed in *TransUnion*, when the risk of future harm does not materialize, it is "ordinarily . . . cause for celebration, not a lawsuit." *Id.* The risk of future harm here did not materialize, so Edwards did not suffer a concrete injury, and he lacks standing to sue for damages.

2. Edwards's claims for injunctive and declaratory relief are moot, so we lack Article III jurisdiction to consider them. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam). After commencing this litigation, Edwards was transferred from SDCC to Ely State Prison, where he was placed in a cell that contains a fire suppression system. Therefore, he does not currently face any risk of harm by fire, leaving nothing for the federal courts to remedy.

Edwards argues that he maintains a justiciable claim for injunctive and declaratory relief because he can demonstrate a "reasonable expectation" of being transferred back to an unsafe cell at SDCC. *Dilley v. Gunn*, 64 F.3d 1365, 1369 (9th Cir. 1995); *cf. Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986) (determining that a prisoner's claim is moot when he cannot show a "reasonable expectation" or "demonstrated probability" of returning to the state penitentiary where the alleged constitutional violations occurred). Edwards claims that his expectation stems from a history of being transferred back and forth between safe

3

and unsafe cells at SDCC. But Edwards was transferred between safe and unsafe cells only while housed at SDCC. He has no history of being moved between safe and unsafe cells since his transfer out of SDCC, so there is no reason to think that he will be subject again to an allegedly unconstitutional condition of confinement if this litigation concludes. Neither of the defendants in this case is responsible for inmate transfers, and Edwards has not suggested that his transfer was conducted with this litigation in mind. Accordingly, Edwards's "claim that he might be transferred back to [SDCC] some time in the future is 'too speculative' to prevent mootness." *Dilley*, 64 F.3d at 1369 (quoting *Wiggins v. Rushen*, 760 F.2d 1009, 1011 (9th Cir. 1985)).

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**

*Edwards v. Hutchings*, Case No. 22-16738

DESAI, Circuit Judge, dissenting:

The majority's holding that Edwards lacks standing departs from Supreme Court precedent, which makes clear that an intangible constitutional harm is an injury in fact for Article III standing. Because Edwards alleged a constitutional violation, I would first hold that he has standing and then affirm the district court's grant of summary judgment for defendants. Thus, I respectfully dissent.

"To establish an injury in fact, a plaintiff must show that he . . . suffered 'an invasion of a legally protected interest' that is 'concrete and particularized.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). The alleged harm need not be physical or tangible. *Id.* at 340–41. The Supreme Court has expressly stated that intangible "harms specified by the Constitution itself"—in other words, violations of constitutional rights—are concrete injuries for standing purposes. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021) (noting that abridgment of free speech and infringement of free exercise in violation of the Constitution are concrete injuries).

Edwards alleged one such constitutional injury: a violation of his Eighth Amendment right to be free from cruel and unusual punishment. In *Helling v. McKinney*, the Supreme Court held that prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's unjustifiable

1

exposure to serious health and safety risks. 509 U.S. 25, 33–35 ("It is 'cruel and unusual punishment to hold convicted criminals in unsafe conditions.'" (quoting *Youngberg v. Romeo*, 457 U.S. 307, 315–16 (1982))). Because Edwards's prison cell lacked smoke detectors and fire sprinklers, he alleged that the defendants violated the Eighth Amendment by exposing him to an unreasonable risk of harm by fire. This alleged constitutional violation is an injury in fact and establishes Edwards's standing to sue for damages. *See TransUnion*, 594 U.S. at 425.[1]

The majority erroneously concludes that exposure to risk is not a concrete injury unless the anticipated future harm materializes. But this is wrong for two reasons. First, the majority's conclusion relies on inapposite language from *TransUnion LLC v. Ramirez*. In that case, the Supreme Court held that certain plaintiffs were not concretely injured by misinformation contained in their credit reports because the information was never released to third parties. *TransUnion*, 594 U.S. at 434. The plaintiffs' alleged injury—a statutory violation analogous to defamation—required dissemination of the misinformation to establish harm. *Id.*

---

[1] Even if he did not have actual damages, Edwards has standing because he seeks compensatory and punitive damages, and we can construe his complaint liberally to include a request for nominal damages. *See Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir. 2002); *Bernhardt v. Cty. of Los Angeles*, 279 F.3d 862, 872 (9th Cir. 2002). We do not distinguish between actual and nominal damages in making threshold injury-in-fact determinations. *See Platt v. Moore*, 15 F.4th 895, 906–08 (9th Cir. 2021) (holding that plaintiffs had standing to sue for nominal damages based on a due process violation, "even if they did not suffer any other actual injury" beyond the constitutional violation).

Accordingly, those plaintiffs experienced only a "risk of future harm"—the risk that the misinformation would later be released—which did not "qualify as a concrete harm" for damages. *Id.* at 436.

But under the Eighth Amendment, the exposure of prisoners to an unjustifiable risk of serious harm is a constitutional violation that, by itself, is sufficient to establish a concrete injury. *Helling*, 509 U.S. at 33; *Parsons v. Ryan*, 754 F.3d 657, 680 (9th Cir. 2014) (noting that although "[s]ome inmates may not actually be harmed" by poor prison conditions, "they are all allegedly exposed to a risk of harm that is, in its own right, a constitutional injury"). No further harm needs to occur to establish an injury in fact. Indeed, we have allowed prisoners to pursue damages based on their alleged unconstitutional exposure to health or safety risks, even if the prisoners did not experience physical harm. *See, e.g.*, *Wallis v. Baldwin*, 70 F.3d 1074, 1075, 1077 (9th Cir. 1995) (denying summary judgment for defendants where plaintiff brought a damages claim alleging that defendants exposed him to health risks from asbestos). By holding that Edwards lacks an injury in fact, the majority ignores the Supreme Court's clear directive that constitutional violations are concrete injuries. *TransUnion*, 594 U.S. at 425.

Second, the majority's holding eviscerates the Eighth Amendment's protection for prisoners facing unreasonable health and safety risks. According to the majority, a prisoner subjected to an unjustifiable risk of fire cannot sue for

3

damages unless a fire actually breaks out and causes physical harm. The majority notes that a prisoner who lacks standing to sue for damages may still sue for injunctive or declaratory relief based on the risk of fire. But, as demonstrated in this case, prison officials can move a prisoner to another cell to moot claims for injunctive or declaratory relief. As a result, the majority's holding enables officials to avoid remedying serious constitutional violations in our country's prisons. Another prisoner almost certainly sits in Edwards's former cell today, still without smoke detectors or fire sprinklers, defying the Supreme Court's holding that "a remedy for unsafe [prison] conditions need not await a tragic event." *Helling*, 509 U.S. at 33.

Because Edwards has standing, I would resolve this appeal on the merits and affirm summary judgment in favor of the defendants. Edwards "did not make a sufficient showing of any personal participation, direction, or knowledge on [defendants'] part" regarding the alleged constitutional violation, and thus defendants are entitled to summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045–46 (9th Cir. 1989).